## OWEN vs. THE STATE.

The circuit court of a county has jurisdiction of a prosecution for bastardy, which
was commenced before a justice of the peace of the same county, and in
which the defendant was recognized to appear in such circuit court, although
the complainant was, at the time of the birth of the bastard child, and of the
commencement of the prosecution, a resident of another county in this state.

ERROR to the Circuit Court for *Milwaukee* County.

This was a prosecution for bastardy, commenced before a
police justice of the city of Milwaukee, on the complaint of
one Jane McAfferty.    The defendant entered into a recogni-
zance for his appearance before the circuit court of Milwau-
kee county, upon trial in which he was found guilty.    There
was evidence tending to show that the complainant had never
been a resident of the county of Milwaukee, but was, at and
before the birth of the bastard child, and ever since had been, a
resident of the county of Jefferson in this state; and the defend-
ant's counsel, at the proper time, moved the court to dismiss

the case for want of jurisdiction, which motion was overruled, and the defendant excepted. On the trial the defendant asked the court to instruct the jury as follows : "That this proceeding is for the benefit of the complaining witness, and if the jury find that she was a resident of Jefferson county before the birth of the child, and has resided in that county since the birth of the child, and still resides there, then this action cannot be maintained here, and they must find for the defendant." This instruction the court refused, and the defendant excepted. A motion for a new trial, on the ground that the court erred in refusing to dismiss the case, and in refusing to give said instruction, was overruled, the defendant excepting.

October 15.        *By the Court,* COLE, J. This cause was submitted upon the record, without argument and without any briefs, and we are therefore ignorant of the points upon which the plaintiff in error relies to reverse the order of filiation made by the circuit court. The record shows that several objections were taken on the trial to the admission and exclusion of certain testimony, but we do not perceive any error in the rulings of the circuit court upon those points. It appears likewise that the counsel for the plaintiff in error relied upon the objection that the circuit court of Milwaukee county had no jurisdiction of this proceeding. We are unable to understand why that court had not jurisdiction. The complaint was made before a justice of the peace of Milwaukee county, by the mother of the bastard child. A warrant was issued, upon which *Owen* was arrested, and recognized to appear at the next term of the circuit court of Milwaukee county, to answer the complaint preferred against him. Upon the trial in that court, the jury found him guilty. Whereupon the circuit court made an order of filiation, adjudging him to be the father of the bastard child, and charging him with its maintenance and support, and ordering him to pay the complainant a hundred dollars, for the support of the child from its birth to that time, and five dollars upon the 20th day of each month thereafter. And he was required to give a bond to the supervisors of the proper town, in conformity to section 7, chap.

37, of the bastardy act. All this proceeding appears to be regular and proper, and we think there is no doubt that the circuit court of Milwaukee county had jurisdiction of the cause.

The order of filiation is affirmed, with costs.