### HOFFMAN vs. THE STATE.

Under sec. 6, chap. 37, R. S., a person who is adjudged to be the father of a bastard child, may be charged, by order of the court, with the payment of a suitable sum for the maintenance of the child during the period between its birth and the trial, as well as for the period subsequent to the trial.

The discretion of the circuit court in determining the amount to be paid for the maintenance of such child, should be exercised with reference to the character

of the parties and their situation in life; and its action in this respect will not be interfered with by this court, unless the evidence shows clearly that it was unjust and unreasonable.

ERROR to the Circuit Court for *Columbia* County.

The case is stated in the opinion of the court.

*A. L. Collins* and *J. Condon*, for plaintiff in error.

*E. Taylor* and *J. Holmes*, for the state.

*By the Court*, PAINE, J.    The plaintiff in error seeks to reverse a judgment of the circuit court for the reason that after adjudging him to be the father of a bastard child, and requiring him to pay certain sums for its future maintenance, it also required him to pay six hundred dollars for its past maintenance.    At the time of the trial, the child was several years old, and the plaintiff in error claims that under the statute the court had no power to order him to pay anything for its past support, but only to provide for its future support.

We cannot adopt this view of the law.    The language of the statute is, that the defendant in such a proceeding, who is adjudged to be the father of a bastard, "shall stand chargeable with the maintenance thereof, in such sum or sums or in such manner as the court may direct," &c.    R. S., chap. 37, sec. 6.    The maintenance of a child includes its entire maintenance from its birth onward.    It was the design of the statute to compel the father to bear this burden, not only for the protection of the public, but also for the protection and benefit of the mother, whom he had brought into a condition which to a certain extent drives her from society and renders it difficult for her to support either herself or her child.    The justice of this policy is too obvious for question; and as the language of the statute is fully broad enough to include the entire maintenance of the child, whether before or after the trial, its effect should not be limited by any strictness of construction.

To hold as we are asked to do here would enable the fath-

er, by leaving the state, as he did in this case, or by delaying the trial, to avoid to that extent the liability which the statute designed to impose on him. Our conclusion is fully supported by the case of *Smith vs. Lent*, 37 Maine, 546.

The statute evidently designed to trust considerably to the discretion of the circuit court in making such orders. That discretion should be exercised with reference to the character and situation in life of the parties. And we should not be inclined to interfere with its action in respect to the amount to be paid, unless the evidence showed clearly that it was unjust and unreasonable. Such is not the case here; and the judgment is affirmed, with costs.