SPEIGER VS. THE STATE.

BASTARDY ACT. (1) *Form of judgment.* (2) *Past support of child — Lying-in expenses.* (3) *Costs.* (4) *Conditions of bond.*

1. In a proceeding under the bastardy act (R. S., ch. 37), a judgment of the circuit court against the defendant, rendered upon a verdict of " guilty," and directing him to pay certain sums for the maintenance of the child, etc., is irregular and will be reversed if it does not distinctly adjudge that he is " the father of the child," as required by the statute.
2. The circuit court may direct the defendant in such case to pay the *past* as well as the *future* support of the child (*Hoffman v. The State*, 17 Wis., 597); and the lying-in expenses (where not paid by the town or county) may be included in such allowance, though the statute does not authorize the court to require their payment *eo nomine*.

Speiger vs. The State.

3. The defendant in such a proceeding can only be required to pay such *costs* as would be taxable in a civil action sounding in tort; and the court cannot require him to pay a specific sum as attorney's fees.

4. The conditions of the bond required of the defendant in such a case should be as specified in section 7 of the statute, provided the town or county has incurred any expense for the purposes there enumerated. Otherwise the bond required of the defendant in this action is sufficient, conditioned for the payment of the amount adjudged to be paid by defendant annually for the future maintenance of the child.

ERROR to the Circuit Court for *Milwaukee* County.

Proceeding under the bastardy act. Trial in the circuit court, and verdict of guilty. The judgment or order on such verdict is as follows:

"On the verdict of the jury finding the defendant guilty in the above entitled action, and upon due proof to the court, it is ordered that the defendant pay to the complainant, or to Nathan Perles, her attorney, the sum of fifty dollars for lying in expenses and for the support of her bastard child to this date, and twenty-five dollars attorney's fees; that the defendant also pay the costs of this prosecution, taxed at the sum of $23; and that the defendant also, within ten days, give bond, to be approved by the judge of this court or the clerk thereof, for the payment of the sum of forty dollars per year for the period of six years from this date, for the support of such bastard child, payable quarterly in advance to the clerk of this court; and that he pay said $50 lying-in expenses, $25 attorney's fees, and $23 costs of prosecution, within twenty days after service of a copy of this order."

The defendant sued out a writ of error, and removed the judgment into this court for review.

*H. C. Runkel* and *R. N. Austin*, for plaintiff in error.

*The Attorney General*, for the state.

LYON, J. I. Sec. 6 of the bastardy act (R. S., ch. 37) pro-

vides, among other things, that if the accused be found guilty in the circuit court, "he shall be adjudged to be the father of such child, and shall stand chargeable with the maintenance thereof in such sum or sums, or in such manner, as the court may direct, and the payment of all the costs of prosecution."

In this case the judgment of the circuit court is fatally defective, in that it contains no judgment of affiliation as required by the statute. This requirement must be complied with, or the judgment will be irregular. Because the defendant is not therein adjudged to be the father of the child in question, the judgment of the circuit court must be reversed.

II. It is competent for the circuit court to direct the defendant to pay for the past support of the child, as well as for its future maintenance. It was so held in *Hoffman v. The State*, 17 Wis., 597. While the statute does not authorize the court to require the defendant to pay lying-in expenses, *eo nomine*, yet no good reason is perceived why such expenses (unless paid by the town or county, in which case the remedy is on the bond required by sec. 7) may not properly be included in the allowance for the past maintenance of the child.

III. The statute does not authorize the court to require the defendant to pay a specific sum for attorney's fees. We think he can only be required to pay the same costs as would be taxable in a civil action sounding in tort. This we understand to be the meaning of the term "all the costs of prosecution," as used in the statute.

IV. The conditions of the bond which the judgment requires the defendant to give, should be as specified in sec. 7 of the above statute, *provided* the town or city, as the case may be, has incurred any expenses for the purposes therein enumerated. Otherwise, the conditions specified in the judgment would seem to be sufficient.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to that court to render a judgment in accordance with the foregoing opinion.