JERDEE VS. THE STATE.

BASTARDY ACT. (1) *Defendant may waive trial by jury, and right to examine complainant.* (2) *Proceeding maintainable after death of child.* (3) *Discretion of circuit court as to amount of allowance.*

1. In a proceeding under the bastardy act (as in any mere *quasi* criminal proceeding), the defendant may *waive* his right to a trial by jury, and consent to a trial by the court; and he may also waive his right to examine the complainant in person at the trial in the circuit court, and consent to have her evidence, as returned by the justice of the peace, read instead thereof.
2. Such a proceeding lies not only for the *future* but also for the *past* maintenance of the child, and for the expenses of the mother attending its birth; and may therefore be maintained after the *death* of the child.
3. The *amount* of the allowance in such cases is left to the *discretion* of the circuit court, to be exercised in view of the character and situation of the parties; and its decision thereon will not be reversed except for an *abuse* of discretion.

ERROR to the Circuit Court for *Dane* County.

The plaintiff in error, having had a judgment rendered against him in a proceeding under the bastardy act (R. S., ch. 37), brought this action for a review of the judgment. The record is no longer on file in this court; but the errors relied on will sufficiently appear from the opinion.

*Welch & Botkin*, for appellant.

*J. H. Carpenter*, for respondent.

RYAN, C. J. We see no reason for disturbing the judgment of the court below.

The plaintiff in error had cross examined the prosecutrix before the justice. He might have insisted on her personal examination in the circuit court. But he waived his right, and consented that her evidence returned by the justice should be read instead. He also had a right to a trial by jury in the circuit court. But he waived this right also, and consented to a trial by the court. In a case of this kind, a mere *quasi* criminal proceeding, it is competent for him to waive such rights, and he is bound by the waiver. *Rindskopf v. State,* 34 Wis., 217.

It is objected that the child had died before the proceeding was taken. The proceeding lies, however, not only for the future but also for the past maintenance of the child, and for the expenses of the mother attending its birth. *Hoffman v. State,* 17 Wis., 596; *Speiger v. State,* 32 id., 400.

As to the amount of the allowance, it is left to the discretion of the circuit court, which is to be exercised in reference to the character and situation in life of the parties. *Hoffman v. State, supra.* On that ground, we could not reverse the judgment, except upon abuse of the discretion of the court below. And, after reading the uncontradicted evidence of the mother, we think that the discretion of the circuit court in this case was leniently exercised towards the plaintiff in error.

*By the Court.* — The judgment of the court below is affirmed.