GETZLAFF vs. SELIGER and wife.

| 43 | 297 |
| 74 | 277 |

BASTARDY PROCEEDINGS. *(1–4) When and how settlement may be made.*
CONTRACTS. *(4) Duress as a defense.*
FORECLOSURE. *(5) When assignee of mortgage must show* bona fide *purchase.*
ATTORNEY–AT–LAW. *(6) As a witness against client.*

1. While a complaint in bastardy is still pending in justice's court, the parties may make a settlement, subject to the approval of the supervisors, to be entered upon the justice's docket; and, upon the defendant giving a satisfactory bond of indemnity to the supervisors, the justice should discharge him.
2. After the defendant in such a proceeding has been committed or held to bail, to answer in the circuit court, by order of the justice, the latter has no further authority in reference to a settlement, or to a discharge of the defendant from custody; but jurisdiction of the proceeding is thenceforth in the *circuit court.*
3. If, after the accused in such a case has been held to bail or committed, the parties may still settle, at least with the approval of the circuit court (a

Getzlaff vs. Seliger and wife.

point not decided), yet the accused will not then be entitled to his discharge in that court, without indemnifying the supervisors to the satisfaction of the court.

4. The justice, in such a case, committed the accused to answer in the circuit court, but subsequently, upon a payment being made to the complainant, and a mortgage executed to her father by the accused and his wife, ordered his release. In an action upon the mortgage, where the husband pleaded that it was obtained by *duress* of the wife: *Held*, that she should have been permitted to testify, for the defense, to the circumstances under which she executed the mortgage.

5. In foreclosure of a mortgage by an assignee thereof, to avoid a defense valid against the assignor, it should appear that plaintiff is a *bona fide* purchaser for value, where that issue is raised by the pleadings.

6. An attorney-at-law, employed to draw an assignment of a mortgage, acts as an attorney, and not as a notary merely; and the court should not permit him, as a witness, to testify against his client as to disclosures made to him by the latter in the course of such employment.

APPEAL from the Circuit Court for *Milwaukee* County.

Foreclosure of a mortgage of land, executed July 10, 1873, by the defendants, who were and are husband and wife, to secure payment of a promissory note of the same date, made by the defendant *Wenzel Seliger*, whereby he promised to pay one Melster or order $200 in four installments of $50 each, payable, with interest, in one, two, three and four years respectively. Plaintiff claims as assignee for a valuable consideration.

The answer of the husband alleges, 1. That the notes were without consideration; and that the assignment to plaintiff was made and taken collusively, to enable him to bring the action, with knowledge of the facts on his part, and without any consideration paid by him. 2. That the mortgage was signed by the defendant wife " through fear and duress," as it was represented to her that " her husband was in jail at the time, and would be kept there for a long time thereafter if she did not sign said mortgage; that by these representations she was so intimidated that she signed said mortgage against her will, in order to get her husband out of jail."

The answer of the wife sets up the first defense above described, and also alleges " that her signature to the mortgage was obtained from her through fear and threats, which were as follows: that on the day she signed said mortgage she was pregnant with child and sickly; that on the same day she was informed by one Otto Fiebing, a justice of the peace in and for said county, and one Henry C. Runkel, an attorney and counselor of this court, that her husband * * * was in jail, and that he would not get out of said jail, and that he will have to stay therein at least until October next, unless she signs said mortgage; that being in such circumstances as aforesaid, and fearing that her husband might be kept in jail, she signed said mortgage."

The facts shown by the record as to proof made and evidence offered at the trial, are sufficiently stated in the opinion.

The circuit judge found that the notes and mortgage were given for a valuable consideration, and rendered judgment in plaintiff's favor; and defendants appealed.

The cause was submitted for the appellants on the brief of *M. N. Lando:*

1. Where a bond, not in accordance with the requirements of the law, is taken of a party under arrest, *duress* is a good defense to it. *Governor v. Williams,* Dudley (Ga.), 244; *Whitefield v. Longfellow,* 13 Me., 146; *Strong v. Grannis,* 26 Barb., 122; *Severance v. Kimball,* 8 N. H., 386. 2. A settlement, without authority of the statute, to forbear an action for bastardy, would be against public policy and morality, and void *(Badger v. Williams,* 1 Chip., 137; *Shenk v. Mingle,* 13 S. & R., 35); where it is legalized by statute, the statute must be strictly complied with; and it was not complied with in this case. *Rindskopf v. State,* 34 Wis., 217.

For the respondent, a brief was filed by *Nath. Pereles & Sons* as his attorneys, with *R. N. Austin,* of counsel; and there was oral argument by *Mr. Austin.* They contended, 1. That past cohabitation alone is a good consideration for a

promise to pay. Chitty on Con., 660–662. 2. That the moral and legal obligation of the father of an illegitimate child to support it, is a sufficient consideration to support a contract for that purpose. *Allen v. Davison*, 16 Ind., 416; *Hargrove v. Freeman*, 12 Ga., 342; *Davis v. Moody*, 15 id., 175. 3. That though there was here no settlement such as is provided for by the Bastardy Act (ch. 37, R. S.), still there was a settlement between the parties to the controversy, an agreement to withdraw, and an actual withdrawal of the bastardy proceeding; and this was a sufficient consideration of the promise to pay. *Abshire v. Mather*, 27 Ind., 381; *Thompson v. Nelson*, 28 id., 431; *Garriott v. Abbott*, id., 9; *Byrne v. Cummings*, 41 Miss., 192; *Robinson v. Crenshaw*, 2 Stew. & Port., 276; *Haven v. Hobbs*, 1 Vt., 238; *Holcomb v. Stimpson*, 8 id., 141; *Knight v. Priest*, 2 id., 507; *Shenk v. Mingle*, 13 S. & R., 29; *Burgen v. Straughan*, 7 J. J. Marsh., 583; *O'Kesen v. Barclay*, 2 Penn., 631; Chitty on Con., 44 and notes. 4. That the release of the husband was a sufficient consideration for the execution of the mortgage by the wife.

RYAN, C. J. The appellants, husband and wife, sever in their answers. Both answers are inartificially drawn; each assuming to plead duress of the wife. It may be doubted whether the wife's answer properly does so; but the husband's answer must be taken as sufficient.

The record is obscure and unsatisfactory. As far, however, as we are able to ascertain the facts from it, it appears that a prosecution was instituted against the husband for bastardy, on complaint of the mortgagee's daughter; that after the examination, the husband was, in default of bail, committed by the justice to answer the complaint in the circuit court; that while he was in jail upon the commitment, a settlement was effected for the discharge of the husband, upon his making a payment and executing the mortgage in suit to the girl's father; that the justice assumed to act in the settlement in his

official capacity, and, upon its being effected, gave an order for the release of the husband.

As to the justice, his whole proceeding after he had committed the husband, appears to have been quite lawless. When he had committed the husband, he was *functus officio* in the case. The jurisdiction of the proceeding was thenceforth in the circuit court. All jurisdiction of the justice, all his authority, was exhausted. And if the sheriff discharged the husband from custody upon the justice's order, he was guilty of an escape.

While the husband was before the justice prior to the committal, the parties might have made a settlement, subject to the approval of the supervisors, to be entered upon the justice's docket of the prosecution then pending before him; and thereupon, if the husband had given a satisfactory bond of indemnity to the supervisors, the justice should have discharged him. That is the only settlement upon a proceeding for bastardy, in relation to which the justice has any authority.

We need not hold here, and do not hold, whether, after an accused under the bastardy act has been held to bail or committed to answer the complaint in the circuit court, the parties may not still settle, as they might have done before, subject perhaps to the approval of the circuit court; but, even in that case, the proceeding is not discharged; and the accused would not be entitled to his discharge in the circuit court, until he should indemnify the supervisors to the satisfaction of the court. And any interference of the justice, in his official capacity, in the settlement, would be a usurpation of authority, an unwarrantable and vicious interference *colore officii*.

Such appears to have been the character of the interference of the justice in the present case, so far as the record discloses it. And it called for rigid scrutiny of the court below on the trial. We do not say, for we do not know, that it was such as could be held duress of the wife. But, the husband being in custody, and the wife in the condition which she states in

her answer, it might well be so. And the wife should have been permitted to state the circumstances under which she executed the mortgage. The justice was permitted to state them according to his view; and we cannot understand on what principle the wife was not. Her full statement of them should have been received.

The legal title of the mortgage is undoubtedly in the respondent. But there is no finding of the court below that he was a *bona fide* purchaser, for value, without notice. And we hardly think that the evidence would warrant such a finding. But, in saying this, we reject the testimony of the attorney who conducted the prosecution against the husband; was afterwards employed by the mortgagee to draw the assignment of the mortgage to the respondent; and finally appeared for the appellants on the trial below.[1] Such shifting of retainer, on the same subject matter, is essentially suspicious. And when this person appeared as a witness for the appellants to testify to the mortgagee's disclosures to him while acting as the mortgagee's attorney, the rule of law called upon the court below, in judicial propriety, peremptorily to close his mouth. He was admitted to betray professional confidence, upon his statement that he was acting as a notary and not as attorney. That is a transparent subterfuge unworthy of consideration. One fitted to hold either office should better comprehend the difference in the duties of a notary public and the duties of an attorney-at-law. No attorney should be tolerated in violating the confidence of his client, by the pretense that he received it as a notary. We are glad to say that such professional bad faith is very rare. When it unfortunately appears here, we owe it to public justice to censure it with no uncertain sound.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for a new trial.

[1] The attorney here referred to is not Mr. Lando, who appeared for the appellants in this court.— REP.