Evans, Assignee, etc., Respondent, vs. Enloe and others, Appellants.

*December 4 — December 23, 1885.*

*(1) Admission on trial: Appeal: Estoppel. (2) Right to possession follows legal title: Vendor's lien.*

1. Where, on the trial, defendant admitted that a deed and bond offered in evidence did not constitute a mortgage, and, acting on such admission, plaintiff failed to put in certain testimony, and the court directed a verdict for the plaintiff, the defendant cannot, on appeal, claim that the transaction was in fact a mortgage.
2. Land was sold and conveyed absolutely, but by the terms of the deed and of a bond given for the payment of the purchase price, the possession was reserved to the grantor for one year. *Held*, that at the end of the year, in the absence of any provision to the contrary, the right of possession vested in the grantee, although a part of the purchase price remained unpaid.

APPEAL from the Circuit Court for *Grant* County.

This is an action of ejectment, commenced August 25, 1884. The plaintiff sues as assignee of Isaac Hodges, under a general assignment for the benefit of the creditors of the latter. The defendants are the widow and two of the sons of Enoch Enloe, deceased.

The complaint is in the statutory form. The answer admits that the plaintiff is such assignee, but otherwise is a general denial, and nothing more. On the trial, at the close of the testimony, the court directed a verdict for the plaintiff, to the effect that at the commencement of the ac_ tion he was the owner in fee simple absolute of the lands described in the complaint, and was entitled to the possession thereof, and that the defendants unlawfully withheld the same from him; and assessed the plaintiff's damages for such unlawful detention at six cents. From the judgment entered thereon the defendants appeal. Other facts are stated in the opinion.

For the appellants there was a brief by *Bushnell & Watkins*, and oral argument by *Mr. Bushnell*.

For the respondent there was a brief by *Carter & Cleary*, and oral argument by *Mr. Carter*.

CASSODAY, J. At the commencement of the trial it was admitted by the defendants that, October 22, 1864, the title to the lands in question was perfect in one Enoch Enloe. Evidence was given on the part of the plaintiff showing that January 11, 1872, Enoch Enloe and wife executed and delivered to Isaac Hodges a warranty deed of the lands in question, which deed was recorded January 12, 1872. Other deeds were given in evidence showing that Hodges had the complete and perfect legal title to the lands, January 11, 1872. The defendants also admitted on the trial that they were in possession of the lands, and that all the title to the lands which ever vested in Isaac Hodges passed to the

plaintiff by his assignment to him, February 11, 1884. In addition, the plaintiff put in other evidence, tending to show that although Hodges did not fully pay for the land at the time he took the title, yet that he had thereafter paid for the same in money and the use of the land. Among other things, a bond was received in evidence, without objection, given by Hodges to Enoch Enloe at the time he received the deed from him, in the penal sum of $7,000, and reciting the purchase of the farm by Hodges from Enoch Enloe for $7,000, which the latter had caused to be conveyed to him; that said Enloe need "not surrender possession of said lands to said Hodges *until one year from*" the *date* of the bond; that there were liens and incumbrances on said lands in the shape of attachments, judgments, and mortgages to about the sum of $3,000; that Enloe was also owing Hodges a large amount of money; that there were claims against Enloe which Hodges might be compelled by law to pay,—and then providing, in effect, that if Hodges should well and truly pay, on or before one year from its date, all such liens and incumbrances as were then liens upon said lands, and should pay to Enoch Enloe, within the year, all of the remainder of said $7,000, *without interest*, that might remain after paying his own claim, and all such claims as were then liens and incumbrances upon the lands, and all such claims as he might be directed by said Enloe verbally or in writing to pay, and also all such claims not then secured, if any, as he might be required and compelled by law to pay, and all interest thereon, not exceeding in the whole, principal, interest, and costs, $7,000, then the obligation to be void; otherwise of force. There was evidence tending to show that the bond was surrendered up to Hodges by Enloe in 1874, and that Hodges paid taxes on the land.

The defendants gave evidence tending to show that their

father, Enoch Enloe, was in possession up to the time of his death, and that they, or other members of the family, had been in possession ever since, and paid the taxes; and that the bond had not in fact been surrendered nor fully satisfied. Other evidence was admitted. At the close of the testimony on the part of the defendants, the plaintiff commenced putting in rebutting testimony. Thereupon counsel for the defendants objected, and stated to the court that the transaction was not claimed to be a mortgage. Thereupon the plaintiff's counsel responded that, " with that understanding, we are satisfied." Thereupon the court directed a verdict for the plaintiff as stated. Most of the evidence on the part of the plaintiff was received against the objection of the defendants, seemingly on the theory that the defendants might claim to be in possession as equitable mortgagees, and probably without being fully informed as to the real nature of the issue made by the pleadings.

The learned counsel for the defendants insist that they are entitled to retain the possession against the plaintiff's legal title, on the ground that their father had a vendor's lien on the land for the unpaid balance of the purchase price, and that he retained and never surrendered the possession. As to whether there was any unpaid balance of the purchase price at the time of the commencement of this action, we shall not inquire. It is enough to know that that question was not in issue, and was never tried. Having failed to allege any equitable counterclaim in the answer, the defendants are not in a very good position to claim judgment on the ground that they have established one by proof. The defendants, having stopped any further testimony on the part of the plaintiff, and induced the trial court to direct a verdict as it did, by disclaiming the transaction to be a mortgage, are not in a position to now claim, upon the evidence taken, much of which was against their objection,

that the transaction was after all, in effect, an equitable mortgage. Having chosen to stand upon a naked legal defense, the case must be determined according to the legal rights of the parties as disclosed by the legal evidence pertinent to the single issue made by the pleadings.

It is said that the deeds to Hodges and the bond back to Enoch Enloe must be construed together as one instrument. So construed, it is claimed Enloe was to retain the possession until the purchase price was fully paid by Hodges. Such, however, is not the construction we put upon them when considered together. The farm was absolutely sold and conveyed, with the possession reserved " until one year from " the date of the deed and bond. This is the only reservation or restriction upon the possession. This being so, at the end of the year the right to the possession followed the legal title, and hence went presumptively to Hodges, and from him to the plaintiff. Sec. 4210, R. S.; *Toomey v. Kay*, 62 Wis. 106. The price of the farm was definitely fixed. At the time of making the deeds, the persons to whom the purchase price was to be paid could not be definitely ascertained. Just how much would be finally coming to Enloe personally after the payment of all his debts was then unknown. Hence the bond was given with the recitals and provisions stated. The bond further assumed that it might be impracticable to pay the full purchase price within the year. Accordingly it expressly provided, in addition to what has been stated, " that if any of such claims shall be in litigation at the end of the year, said Hodges shall be permitted to hold on to so much of said $7,000 as shall be sufficient to provide for payment of such contested claims and costs." There is no provision for Enloe holding possession until the whole purchase price should be paid. If the claims were not all paid by Hodges, and there was something still due to the legal representatives of Enoch Enloe,

over and above all the rents and profits, then it might, perhaps, have been made available in this action against the assignee of Hodges by way of equitable counterclaim. But it is enough here to say that there has been no attempt to make it available according to any established or known rule of practice.

*By the Court.*— The judgment of the circuit court is affirmed.