Baker vs. The State.

BAKER, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 9.— December 23, 1885.*

BASTARDY. *(1). Not a criminal prosecution. (2) Trial in absence of defendant. (3) When proof that child will become a public charge not necessary.*

1. A bastardy proceeding is not a criminal prosecution within the meaning of sec. 7, art. I, Const. of Wis.
2. When the defendant in bastardy proceedings has given a recognizance for his appearance in the circuit court to stand trial, that court has jurisdiction both of his person and of the subject matter, and if he fails to appear the trial may proceed to judgment without his presence.
3. When bastardy proceedings are instituted by the mother, proof that the child is likely to become a public charge is not necessary to support a judgment against the defendant.

ERROR to the Circuit Court for *Waukesha* County.

The case is stated in the opinion.

*E. W. Chafin*, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General. They argued, among other things, that the trial might proceed in the absence of the accused, even were the prosecution one for conviction for a criminal offense. *Hill v. State*, 17 Wis. 697; *Sahlingher v. People*, 102 Ill. 241; *Bonneville v. State*, 53 Wis. 680; *State v. Tall*, 56 id. 577; *State v. Haas*, 52 id. 407; *State v. Werner*, id. 414. He could not only waive the right to be present in a proceeding of this kind but any other right that the constitution guaranties to him or that could be waived in a civil action. *Jerdee v. State*, 36 Wis. 170; *Rindskopf v. State*, 34 id. 217; *State v. Homey*, 44 id. 615.

TAYLOR, J. This is a proceeding under the bastardy act to charge the plaintiff in error with the support and maintenance of an illegitimate child, of which he is charged

with being the father. The complaint was made by the mother under sec. 1530, R. S. He was arrested and brought before the justice, an examination was had, and the justice held that there was probable cause to believe that the plaintiff in error was the father of the child. Thereupon he required him to give a recognizance for his appearance at the next term of the circuit court for the county in which said examination was had, and from time to time thereafter until final judgment, to answer the complaint made against him, and abide the order of said court thereon. The plaintiff in error gave the recognizance required by said justice in the form prescribed by sec. 1533, R. S., and was thereupon discharged from custody.

Afterwards such proceedings were had in the circuit court that the action was called for trial in said court, and the plaintiff in error failed and refused to appear in said court to defend the same, and thereupon his recognizance was duly forfeited, and afterwards, and at the same term, the court proceeded to try said action in his absence. A jury was duly impaneled, and proofs made on the part of the state, no one appearing for the plaintiff in error. The jury found the plaintiff in error guilty, and thereupon the court adjudged that he stand chargeable with the support of said child in a sum and in the manner stated in the final judgment herein, as provided by sec. 1535, R. S.

The case was tried December 13, 1883, and on the 27th of the same month the defendant appeared solely for the purpose of making the motion, and moved the court to set aside the verdict and judgment, because the trial was had when he was not present, either in person or by attorney; because the verdict and judgment were against the evidence; and because there was no evidence given in the case showing that the child was liable to become a public charge. The motion was overruled, and the defendant brings the case to this court by writ of error.

The errors assigned here for the reversal of the judgment

are that the court had no jurisdiction to try the case when the defendant was absent from the court; and, *second,* because there was no proof that the child was likely to become a public charge. It is insisted by the learned counsel for the plaintiff in error that a proceeding under the bastardy act is so far of a criminal character that the rules regulating the trial of criminal actions must in all cases be applied to it, and that it cannot therefore be tried without his presence in court, either in person or by attorney. We think the learned counsel is incorrect in this broad statement of the nature of the proceeding. It is true the statute requires the proceeding to be carried on in the name of the state on the complaint of the mother of the child,— or, if she fails to prosecute, then on the complaint of the supervisors of the proper town, or the proper officers of the county,— still the whole purpose of the proceeding is to require him to furnish proper support for his child, and is not in any respect an attempt to punish him for any crime. It is in its nature the same as a proceeding against the father of a legitimate child under the provisions of sec. 1506, R. S., to compel him to provide for the support of his legitimate children.

This court has said that these proceedings were not a civil action within the meaning of sec. 3039, R. S., giving the right of appeal to this court (*State v. Mushied,* 12 Wis. 561; *State v. Jager,* 19 Wis. 235); and has also held that the same rule as to evidence ought to apply to a trial of the issue as in criminal actions. *Baker v. State,* 47 Wis. 111. On the other hand, this court has held that a bastardy case cannot be certified to this court upon exceptions, as provided for in the trial of purely criminal cases, under sec. 4720, R. S. *State v. Jager, supra.* In that case the court say: "It is not the object of the statute to punish the father as for the commission of a criminal offense, and therefore there is not, properly speaking, any 'sentence,' as upon a conviction for a crime. But the statute was intended to enforce the natural obligation which the parent is under to support and pro-

vide for his offspring, legitimate or illegitimate (*Duffies v. State*, 7 Wis. 672), and not to punish him for an offense against good morals and common decency." The following cases show that this court has not treated the proceedings as of a strictly criminal nature, and has applied to it the rules governing the trial of civil rather than criminal actions. *Rindskopf v. State*, 34 Wis. 217; *Jerdee v. State*, 36 Wis. 170; *State v. Homey*, 44 Wis. 615; *Zweifel v. State*, 27 Wis. 396; *Baker v. State*, 56 Wis. 568.

It is very clear that the proceeding is not within sections 7 and 8 of article I of the constitution of this state. It is neither a criminal prosecution, an indictment, or information, within the meaning of said sections.

After the accused has given a recognizance for his appearance in the circuit court to stand trial there, the justice loses all jurisdiction of the case, and it is treated for all purposes as an action in the circuit court (*Getzlaff v. Seliger*, 43 Wis. 297); and thereafter the circuit court has jurisdiction of both the person of the accused and of the subject matter of the proceeding, and must proceed to dispose of the case. There is no provision in the statute giving the circuit court any power to arrest the accused and bring him into court for trial; but there is a provision for arresting him after judgment, and committing him to jail if he declines or refuses to give a new bond for the payment of the sums adjudged against him. If the court cannot proceed to try the action without the presence of the accused after his giving the required recognizance, the statute not having provided any way of forcing his attendance, there would seem to be an entire failure of the remedy so far as the mother of the child is concerned, although the state might recover upon the recognizance. It is at least doubtful whether the money so recovered could be applied to the support of the child, or for the lying-in expenses of the mother.

The accused having given his recognizance for his appearance in the circuit court, confers full jurisdiction on that

court; and, if he does not appear, he waives the right to appear, and the circuit court can proceed with the trial of the case. This works no hardship on the accused. If there is some good excuse for his failure to appear, the court, on proper application, would undoubtedly set aside the judgment, and give him a new trial; and if there be no excuse for his non-appearance, what reason has he to complain because the court proceeds with the case in his absence?

We think there was no error in proceeding with the trial of the case in the absence of the accused.

It is further argued that, in order to justify a judgment against the accused, there must be evidence that the illegitimate child is likely to become a public charge. The statute does not so provide in a case when the mother is the complainant. See sec. 1530, R. S. In *Jerdee v. State*, 36 Wis. 170, it was held that the proceeding might be prosecuted to judgment after the death of the child, and the accused be compelled to pay for its past maintenance, and for the expenses of the mother attending its birth. The proceedings, when instituted by the mother, are for her benefit and protection, and only incidentally for the protection of the public, in so far that the proceeding cannot be discontinued without the assent of the public authorities, or by giving a bond for the surety of the public against future liability for the support of the child.

It is only when the mother fails or refuses to prosecute that the public authorities may proceed with or institute the prosecution; and, in that case, it becomes necessary to show the right of the public to maintain the proceeding by showing a probability that it will suffer loss because the illegitimate child may become a public charge. See secs. 1539, 1540, R. S.

We see no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 26 N. W. Rep. 170.—REP.