Sonnenberg, Plaintiff in error, vs. The State, Defendant in error.

*January 13—January 31, 1905.*

*Bastardy: Support of child prior to judgment: Instructions to jury: Payment of costs: Bond.*

1. Sec. 1535, Stats. 1898 (under which one found guilty of bastardy is to be charged in the judgment with the *future maintenance* of the child and also "for the care and support of such child since its birth"), does not change the rule which obtained prior to the revision of 1878 (under statutes providing for the *maintenance* of the child) that defendant is to be charged with such maintenance from the birth of the child onward.
2. An instruction that before the jury could find defendant guilty they must be satisfied that he had sexual intercourse with the complainant during a time in which, in the ordinary course of nature, the child could be begotten, was not erroneous.

3. An instruction that the guilt of defendant must be proved beyond'
   a reasonable doubt, but if the jury believe the testimony of the
   complainant and her statement that she did not have inter-
   course with any other man, and that it is proved beyond a rea-
   sonable doubt that the defendant is the father of the child, they
   should find him guilty, was not erroneous.
4. A judgment in bastardy proceedings requiring defendant to pay
   the costs "forthwith," means as soon as they are taxed, and de-
   lay in the taxation for two weeks is not prejudicial.
5. Allowing defendant twenty days in which to give the bond re-
   quired by the judgment is not error of which he can complain.

ERROR to review a judgment of the circuit court for Jack-
son county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The plaintiff in error, *William Sonnenberg,* was charged'
with being the father of the bastard child of Matilda Sterns,
born July 11, 1903. Issue being joined and trial had, the
jury, at the close thereof, returned a verdict finding the de-
fendant guilty. Thereupon judgment was entered wherein
it was adjudged and determined, in effect, that the said *Will-
iam* was the father of the bastard child of which the said Ma-
tilda was delivered July 11, 1903, which child was still liv-
ing and in the care and possession of its mother; that the said
*William* stand chargeable with the future support and main-
tenance of said child until she should arrive at the age of
eighteen years; that he pay or cause to be paid to the com-
plainant, Matilda, for such support, maintenance, care, and
keeping $8 per month from July 11, 1903, payable quar-
terly on the 1st days of November, February, May, and
August in each and every year thereafter until the said child
should arrive at the age of fourteen years—$8 per month to
date from July 11, 1903, to July 11, 1917—the first payment
to be made on the 1st day of November, 1903, for the term
from July 11, 1903, to November 1, 1903, at the rate stated,
and thereafter such payment to become due at the end of each
and every three months; that the said *William* pay or cause
to be paid to the complainant for the care, support, and main-

tenance of the said bastard child from July 11, 1917, until July 11, 1921, the sum of $50 per annum, payable in instalments of $12.50 each on the 1st days of November, February, May, and August in each and every year thereafter until the said child should arrive at the age of eighteen years; that the said *William* forthwith pay or cause to be paid to the said complainant $28 for medical attendance during her confinement, as stipulated in open court, and also $3.46 for clothing and wearing apparel theretofore purchased for said child, as stipulated in open court; that *William* forthwith pay the costs and disbursements of the prosecution, taxed and allowed at $81.60; that the said *William* well and truly execute within twenty days from and after the rendition of such judgment his undertaking, with two good and sufficient sureties, who should each justify in the sum of $1,000, to be approved by the court, running to the supervisors of the town of Melrose, in Jackson county, in which town said Matilda had a legal residence, and the conditions thereof should be for the performance of such judgment, and for the payment of the several sums therein directed to be paid for the future support and maintenance of said child, and payment of all sums therein ordered and directed to be paid, said bond to be in the sum of $1,000; that upon compliance with all the terms and conditions of the judgment and the fulfilment of all requirements made and ordered to be made and done by the said *William* he should be relieved and discharged from any further liability thereunder, and that upon his failure to perform each or any of the provisions of said judgment as to the amount and time of the several payments and any other requirement made therein, he, the said *William,* be committed to the county jail of Jackson county until he should comply with and perform said conditions, or the conditions and provisions of such judgment, or should be otherwise discharged according to law. To reverse such judgment the accused has sued out this writ of error.

For the plaintiff in error there was a brief by *Pope & Pope,* and oral argument by *Carl C. Pope.*

For the defendant in error there was a brief by the *Attorney General* and *Walter D. Corrigan,* second assistant attorney general, and oral argument by *Mr. Corrigan.*

CASSODAY, C. J.   There is no contention as to the facts in this case.

1. Error is assigned because the judgment, among other things, charged the accused with the support, maintenance, care, and keeping of the child from the day of its birth, July 11, 1903, to the day of the rendition of the judgment, October 28, 1903.  The contention is that the present statr e (sec. 1535) only made the accused chargeable in the judgm nt with the child's "future maintenance;" that is to say, its maintenance after the rendition of the judgment.   It is conceded that under the statutes as they existed prior to the revision of 1878 this court had frequently held that the judgment should provide for the maintenance of the child from its birth onward.   *Owen v. State,* 12 Wis. 559; *Hoffman v. State,* 17 Wis. 596; *Jerdee v. State,* 36 Wis. 170; *Speiger v. State,* 32 Wis. 400; *Rindskopf v. State,* 34 Wis. 217.   These cases fully sustain the concession.   In this last case it was held that:

"The statute vests a large discretion in the circuit court in regard to the amount which the defendant shall be required to pay in such cases for the support of the child, and the court may properly consider the wealth of the defendant, as well as the condition in life of the complaining witness."

The present statute on the subject is a combination of certain provisions of two sections of the Revised Statutes of 1858 as amended (secs. 6, 7, ch. 37, R. S. 1858; sec. 2, ch. 108, Laws of 1862).   See Revisers' Notes.   Sec. 6 provided that, if the accused should be found guilty, he should "be adjudged to be the father of such child," and should "stand chargeable with the maintenance thereof in such sum

or sums or in such manner as the court" might "direct, and the payment of all the costs of prosecution." Sec. 7 required that the bond to be given by the accused should also include, among other things, for the payment of all expenses for the lying-in, and "for the care and support of such child prior to the giving of such bond." The present statutes made the matter more plain, and declared that:

"If the accused shall be found guilty, . . . he shall be adjudged to be the father of such child, and shall stand chargeable with its future maintenance, in such sum and in such manner as the court shall direct, and also for all expenses incurred by such town or county or by the mother of such child for the lying-in and attendance of the mother during her sickness and also for the care and support of such child since its birth, and for the costs of the prosecution. All which matters shall be ascertained and fixed by the court, and shall be inserted in the judgment." Sec. 1535, Stats. 1898.

The right to include in such judgment payment "for the care and support of such child since its birth" down to the rendition of the judgment seems to be thus expressly provided for. *Baker v. State,* 65 Wis. 50, 26 N. W. 167, arose after the revision of the statutes in 1878, and the judgment expressly provided "for the care and support of said bastard child since its birth," and the judgment was affirmed. See Cases and Briefs, vol. 222. The opinion of the court in that case was written by Mr. Justice TAYLOR, one of the revisers of the statutes; and, had any change been made or contemplated, he certainly would have known it. But it is obvious that no such change was considered.

2. Error is assigned because the court charged the jury that:

"You must be satisfied that the defendant had sexual intercourse with this girl during a time which, in the ordinary course of nature, the child could be begotten, before you can find a verdict of guilty."

We perceive no error in this portion of the charge.  Certainly it was not prejudicial to the accused.  Error is assigned because the court further charged the jury that:

"In a bastardy case the defendant is presumed to be innocent until the contrary is proved.  The guilt of the accused must be proved beyond a reasonable doubt.  If you have a reasonable doubt of the guilt of this defendant, it will be your duty to render a verdict of not guilty.  But if you believe the testimony of the complainant, and her statement that she did not have intercourse with any other man, and that it is proved beyond a reasonable doubt that the defendant is the father of this child, then it will be your duty to render a verdict accordingly for the state—of guilty."

We perceive no error in this portion of the charge.  It authorized a verdict of guilty only in case it had been proved to the jury beyond a reasonable doubt that the accused was the father of the child; and, in order to be so convinced, it was necessary for the jury to believe the testimony of the complainant and her statement that she did not have intercourse with any other man.

3. Error is assigned because the judgment required the accused to "forthwith pay the costs and disbursements of this prosecution, taxed and allowed at $81.60."  As indicated, the statute expressly authorized such judgment.  The criticism is that such costs were not taxed until some two weeks after the rendition of the judgment, and hence could not be paid forthwith.  Manifestly, the judgment only required the costs to be paid forthwith after they were legally ascertained.  Certainly the accused was not prejudiced by the delay.

4. Error is assigned because the court allowed the accused twenty days within which to give the bond required by the judgment.  But, as indicated, the statute quoted gives the court a large discretion in such matters, not only as to fixing the amount for which the accused shall stand chargeable, but also as to the time and manner in which it is to be paid or

secured; and all such matters are necessarily to be ascertained and fixed by the court. The statute required the bond to be "conditioned for the performance of such judgment," and naturally was to be given after the rendition of the judgment. Sec. 1536, Stats. 1898. The twenty days within which the accused was at liberty to give the bond was for his benefit, and he is in no position to complain because it was not required at the time the judgment was rendered. We perceive no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.