DOUGLAS, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 3—February 18, 1908.*

*Bastards: Proceedings in court: Issues: Evidence of prosecutrix: Credibility: Sufficiency: Questions for jury: Trial: Instructions to jury: Remarks of counsel: Exceptions: Appeal and error: Review: Harmless error.*

1. In a bastardy proceeding the testimony of the complaining witness as to its probability is not to be tested by the same rule as if the charge were rape.
2. In a bastardy proceeding the paternity of the child is the material fact to be found by the jury, and force on the part of the accused and resistance on the part of the complaining witness are not elements of the offense charged, are wholly immaterial, and are not essential in making out a case on behalf of the state.
3. In a bastardy proceeding, whether the complaining witness used the degree of resistance which she testified she did is material only in so far as it affects the credibility of her evidence, and such credibility is a question for the jury.
4. In a bastardy proceeding proof of great intimacy between the complaining witness and one H. is immaterial in the absence of evidence sufficient to show criminal intimacy between them or anything further than such innocent relations as would exist between young people circumstanced as detailed in the evidence.
5. In a bastardy proceeding, where there is ample evidence of the intercourse between the complaining witness and the defendant on the date charged and of the premature birth of a child as the result of such intercourse, the question whether such child was begotten by the defendant is one for the jury.
6. In a bastardy proceeding refusal to give requested instructions to the jury, stated in the opinion, is *held* to be without prejudicial error.
7. On error assigned upon the argument of counsel to the jury, where no particular language was called to the attention of the court upon the error complained of, no error sufficient to work a reversal is shown, even if the language could, under the circumstances, be regarded as prejudicial.

8. Where, in a bastardy proceeding, one issue was whether there was a premature birth of the child of the complaining witness, and the facts respecting a fall and the medical testimony tending to show that the birth was premature were before the jury, it is not prejudicial error to refuse to permit a witness to answer as to whether the fall was the probable cause of the premature birth.

Error to review a judgment of the circuit court for Sauk county: E. Ray Stevens, Circuit Judge. *Affirmed.*

The plaintiff in error was arrested upon the charge of bastardy, held for trial, tried in the circuit court for Sauk county, and found guilty. A motion to set aside the verdict and for a new trial was denied, and judgment rendered against him in the usual form in such cases, from which this appeal was taken.

For the plaintiff in error there was a brief by *James A. Stone,* attorney, and *H. W. Barney,* counsel, and oral argument by *Mr. Stone* and *Mr. J. A. Aylward.*

For the defendant in error there was a brief by the *Attorney General* and *A. C. Titus,* first assistant attorney general, and *Grotophorst, Evans & Thomas,* of counsel, and oral argument by *H. H. Thomas.*

Kerwin, J.   1. The main contention on the part of the plaintiff in error is that the evidence is not sufficient to support the verdict. We shall not discuss to any considerable extent the facts of the case. There is evidence tending to show that parties other than the plaintiff in error and the complaining witness were connected with the transaction leading up to the final act, but we do not deem it necessary to bring such parties into notice in the treatment of this unfortunate affair. Nor shall we spend time in a discussion of the facts regarding the main contention further than to state generally our conclusions. The claim on the part of the state is that the child was begotten April 22, 1905, and born December 10, 1905, being of premature birth, and that

complainant was at the time of the conception about eighteen years of age. The average period of gestation was conceded to be 280 days, and the proof shows that the child was born about 232 days immediately following the date of the alleged wrongful act. The proof further tends to show that the birth was premature. The complainant testified positively to the act in question and there are facts and circumstances proved tending to corroborate her testimony in this regard. On the other hand, the plaintiff in error positively denies the illicit intercourse, and there is also evidence tending to corroborate his testimony. So we have a clear case of conflicting evidence upon the ultimate facts in the case. It is strongly contended, however, by counsel for plaintiff in error that the evidence of the complainant is incredible and unworthy of belief, because of inconsistencies in her testimony and the improbability of her story. Many of the cases cited by appellant are cases of prosecution for rape, and it is said that the testimony of the complaining witness as to its probability should be tested by the same rule as if the charge were rape. We do not so understand the law. In a prosecution for rape the state is bound to prove such degree of force on the part of the accused and resistance on the part of the complainant as to constitute, in the eye of the law, the crime of rape. But in the case before us force and resistance are not elements of the offense charged and are wholly immaterial, and not essential in making out a case on behalf of the defendant in error. Hence, whether the complainant used that degree of resistance which she testified she did is wholly immaterial, except in so far as it affects the credibility of her evidence; and such credibility upon all the evidence was clearly a question for the jury. In a bastardy proceeding the paternity of the child is the material fact to be found by the jury. *Baker v. State,* 47 Wis. 111, 2 N. W. 110. Counsel for plaintiff in error relies upon *Hofer v. State,* 130 Wis. 576, 110 N. W. 391. In this case there was

no evidence of sexual intercourse between the parties, but the claim was made that the court should infer intercourse because of facts testified to which were so improbable and unreliable as to render the testimony of the complainant utterly unworthy of belief. At page 586 (110 N. W. 395) the court said:

"The case is peculiar, in that no one testified that the act of intercourse alleged occurred, and no one directly or indirectly corroborated the evidence of the girl as to any incriminating circumstances happening at the time of the alleged wrongful act, and her evidence may be regarded as self-destructive."

A further point is made by counsel for plaintiff in error that there was proof of great intimacy between complainant and one H., but there is nothing in this evidence sufficient to show any criminal intimacy between them, or anything further than such innocent relations as would exist between young people under the circumstances detailed. Moreover H. was produced upon the trial and placed on the stand by the state and asked the question whether or not he had sexual intercourse with the complainant. This question was objected to by counsel for plaintiff in error, on the ground that no proof had been offered on the part of the plaintiff in error of sexual intercourse between H. and complainant, whereupon counsel for defendant in error said: "Well, with that statement we are satisfied." But, without pursuing the discussion further, it is sufficient to say that there is ample evidence of the intercourse between plaintiff in error and the complainant on the date charged and the premature birth of a child as the result of such intercourse. The fact that such child was begotten by the plaintiff in error and the question of the sufficiency of the evidence was clearly for the jury; therefore the court was right in refusing to direct a verdict for defendant.

2. Error is assigned because of refusal of the court to give

instructions requested. The court was asked to instruct that there was no dispute that the ordinary period of gestation is 280 days and that the child begotten by plaintiff in error was born December 10, 1905, 232 days after the alleged intercourse; and also to instruct on other details of the evidence, explanatory matters, and erroneous assumptions of fact. There was no reversible error in the refusal to give such instructions. *Buel v. State,* 104 Wis. 132, 151, 80 N. W. 78; *Wunderlich v. Palatine Ins. Co.* 115 Wis. 509, 92 N. W. 264; *Brickley v. Walker,* 68 Wis. 563, 32 N. W. 773.

3. Error is also assigned on the argument of counsel for the state to the jury. But no particular language was called to the attention of the court upon the error complained of, and the record, therefore, shows no reversible error even if the language could, under any circumstances, be regarded prejudicial.

4. Error is assigned in the rejection of evidence. The only error under this head which deserves special attention is the ruling on the following question:

"*Q.* Now, as to a fall or injury which might be received by a fall, which is so slight as not to cause any bruise or discoloration upon the body, and a continuous but slight pain in the abdominal regions occurring on Tuesday and the birth following on Saturday, what would you say as to such fall being probably the cause of a premature birth?"

We think an answer to this question would be as likely to mislead as aid the jury in the determination of the ultimate fact. The question for determination by the jury was, not what was the cause of the premature birth, but whether or not there was in fact a premature birth. The fall may or may not have been the cause of the premature birth and it may not have contributed to it, and what the doctor would say as to "such fall being probably the cause of a premature birth" could not, upon the facts embraced in the question, have much bearing upon the ultimate fact as to whether or

not there was a premature birth. All the facts respecting the fall and the medical testimony tending to show that the birth was premature were before the jury, and we think the refusal to permit this question to be answered was not prejudicial error. After a careful examination of the evidence and the record we are convinced that the plaintiff in error had a fair trial and that no reversible error was committed; therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed. ╷