Submitted on briefs October 1, affirmed October 9, 1923.

## STATE *v.* NEWMAN.

### (218 Pac. 936.)

**Bastards—Question of Paternity Governed by Rules of Evidence Applicable in Civil Cases.**

1. In filiation proceedings under Sections 2550–2563, Or. L., the main question for determination is the paternity of the child, and its determination is governed by the rules of evidence which apply in civil cases; the proceeding being civil and not criminal in its nature, in view of Sections 2551, 2554.

**Bastards — Paternity Provable by a Preponderance of the Evidence.**

2. In filiation proceedings under Sections 2550–2563, Or. L., the paternity of the child may be proven by a preponderance of the evidence and need not be established beyond a reasonable doubt: the proceeding being civil and not criminal in its nature, in view of Sections 2551, 2554.

**Trial—Nine Jurors Could Concur in Finding Verdict in Filiation Proceedings.**

3. In a filiation proceeding under Sections 2550–2563, Or. L., nine of the jurors could concur in finding a verdict; the proceeding being civil and not criminal in its nature, in view of Sections 2551, 2554.

---

1. Presumption and burden of proof in bastardy proceedings, see note in **L. R. A.** 1918C, 891.

From Douglas: JAMES W. HAMILTON, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Wimberly & Cordon.*

For respondent there was a brief over the names of *Mr. George Neuner, Jr.,* District Attorney, and *Mr. John T. Long.*

BEAN, J.—This cause was tried before a jury in the Circuit Court on the complaint of one Ruth Wilkinson in conformity with Sections 2550–2563, Or. L., charging the defendant, H. L. Newman, with being the father of the child of said Ruth Wilkinson.

Upon the trial of the cause at the close of the testimony counsel for the defendant requested the court to instruct the jury, to the effect, that before they could find the defendant guilty of the charge, the jury must be satisfied beyond a reasonable doubt of the truth of the accusation contained in the complaint. And further, that all of the jurors must agree upon a verdict. The court refused to instruct the jury as requested, and charged it upon this point, in substance, that the material allegation of the complaint must be proven by a preponderance of the evidence. The court also instructed the jury that the cause, tried as a civil case, would require only nine of their number to concur before a verdict could be found. Defendant by his counsel duly reserved exception to the ruling of the court in refusing to instruct the jury as requested, and charging the jury as noted above. A verdict of guilty was rendered against defendant and a judgment entered accordingly, from which judg-

ment defendant appeals, assigning error in the respect mentioned. These assignments of error raise the only question upon this appeal. .

The statute, Chap. 48, Laws of 1917, which is embodied in Sections 2550–2563, Or. L., provides the procedure in affiliation proceedings in quite minute detail.

Section 2550 prescribes that the complaint should be made to any justice of peace by a certain unmarried female; and directs the manner of procedure by the justice of peace as to the complaint and the issuance of a warrant. Section 2551, directing the manner of procedure before the justice on the return of the warrant, is as follows:

"On the return of such warrant, if the accused be in custody or shall appear, the justice shall examine the complainant under oath respecting the cause of complaint, and the accused may cross-examine her and put any question necessary for his defense, *subject to the rules of evidence as provided by the Code of Civil Procedure.* Witnesses may be examined on behalf of either party. All testimony taken and proceedings had shall be reduced to writing; the proceedings for cause shown may be adjourned from time to time, not exceeding five days at any one time; and on such adjournment the accused may be recognized for his appearance for such examination in a sum not less than $100 nor more than $1,000, and with sureties to the satisfaction of the justice; and in default thereof he shall be committed, pending such examination, to the county jail. The accused shall be entitled to a removal of such action as in criminal examination before justices of the peace."

Section 2554, relating to the trial, reads as follows:

"Upon the trial of the case the issue shall be as to whether the accused is guilty or not guilty; and if the mother of the child be dead, her examination taken before the justice may be read in evidence, and

in all cases it shall be read when demanded by the accused. If the accused shall be found guilty or shall admit the guilt of the accusation, he shall be adjudged to be the father of such child, and shall stand chargeable with its future maintenance in such sum and in such manner as the court shall direct, and also for all expenses incurred by such county or by the mother of such child for the lying-in and attendance of the mother during her sickness, and also for the care and support of such child since its birth, and for the costs of the prosecution. All which matters shall be ascertained and fixed by the court, and shall be inserted in the judgment; *provided, however, that the judgment of the court providing for the maintenance of such child by the father shall be in a yearly sum not less than $100 nor more than $350 for the first two years, and not less than $150 nor more than $500 for each year succeeding until the child reaches the age of fourteen years; provided further, that defendant shall be entitled to the right of trial by jury, and appeal, as provided in civil actions; and provided further that no conviction shall be had upon the uncorroborated testimony of said female.*"

We italicize the words in these sections which are not found in the Wisconsin law. It is earnestly contended on behalf of defendant that the proceeding in this case is so far in the nature of a criminal action that the material allegations of the complaint should be proven beyond a reasonable doubt, following the rule enunciated by the Supreme Court of the State of Wisconsin. This for the reason that our statute is, to quite an extent, patterned after the statute of Wisconsin pertaining to filiation proceedings. However, the language of the Wisconsin act is modified by our statute so as to conform to our Code of Civil Procedure: See Wis. Statute 1917, Chap. 64, § 1530 et seq.

It is noted, as mentioned in the brief of defendant, that in Section 2551, Or. L., the words "subject

to the rules of evidence as provided by the Code of
Civil Procedure," were inserted in our statute of
1917 in addition to the language used in the corre-
sponding section of the Wisconsin statute. Again,
in Section 2554, Or. L., to the corresponding adopted
section of the Wisconsin statute, there is added in our
law the three provisos quoted above and italicized,
the second of which reads as follows: "provided fur-
ther, that defendant shall be entitled to the right of
trial by jury, and appeal, as provided in civil ac-
tions."

This second proviso, we think, clearly indicates the
intent of the legislature to provide for the right of
trial by jury as in civil actions, and thereby make cer-
tain the manner of procedure which was not so clearly
indicated in the Wisconsin statute, the original of
which appears to date from 1849. Our first thought
is that the statute is so plain and unambiguous that
it needs no construction. It has already been held
by this court in an opinion by Mr. Justice McCourt
in the case of *State ex rel. Borland* v. *Yates,* 104 Or.
667 (209 Pac. 231), that the proceeding authorized by
Sections 2550–2563, Or. L., is a special proceeding,
civil in its nature, and that the right of appeal in
cases under this statute is governed wholly by the
language of the second proviso referred to.

It seems to us that the question of the manner of
trial having been discussed to a certain extent since
the enactment of the Wisconsin law, the legislature,
in its wisdom, saw fit to prescribe the manner of such
trial as provided by law in civil actions. In other
words, that the statute should be taken exactly as
it reads. The general rule is stated in 25 R. C. L.,
Section 213, page 957, thus:

109 Or.—5

"A statute is not to be read as if open to construction as a matter of course. It is only in the case of ambiguous statutes of uncertain meaning that the rules of construction can have any application. Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself."

We read in 25 R. C. L., Section 216, page 960, as follows:

"In the interpretation and construction of statutes, the primary rule is to ascertain and give effect to the intention of the legislature. * * *"

1, 2. In most jurisdictions filiation proceedings are regarded as civil in their nature and while such proceedings are, to a certain extent, criminal in form, according to the great weight of authority they are governed by laws regulating civil actions. Where the proceeding is simply to compel the putative father to support his child, as it is under our statute, the main question for determination is as to the paternity of the child. This question is governed by the rules of evidence which apply in civil cases. Such paternity may be proven by a preponderance of the evidence and need not be established beyond a reasonable doubt: Section 2554, Or. L.; 4 Standard Ency. of Procedure, 56; 7 C. J., § 57, p. 966, and § 128, p. 995; *State* v. *Tieman,* 32 Wash. 294 (73 Pac. 375, 98 Am. St. Rep. 854); *State ex rel. Patterson* v. *Pickering Co.,* 29 S. D. 207 (136 N. W. 105, 40 L. R. A. (N. S.) 144); *State et al.* v. *Addington,* 143 N. C. 683 (57 S. E. 398, 11 Ann. Cas. 314, and note p. 316); *State* v. *Brunette,* 28 N. D. 539 (150 N. W. 271, Ann. Cas. 1916E, 340); *In re Comstock,* 10 Okl. 299 (61 Pac. 921); *State* v. *Reese,* 43 Utah, 447 (135 Pac. 270); *Overseer,*

*etc.,* v. *Eason,* 92 N. J. L. 199 (104 Atl. 291, 1 A. L. R. 631) ; *State* v. *Severson,* 78 Iowa, 653 (43 N. W. 533) ; *Knowles* v. *Scribner,* 57 Me. 495; *Olson* v. *Peterson,* 33 Neb. 358 (50 N. W. 155).

In a few jurisdictions filiation proceedings are considered criminal in their nature; this is usually because the statute creating the particular proceeding provides for the punishment of the putative father in addition to providing for the support of the child. In some jurisdictions filiation proceedings are considered to partake of the nature of both civil and criminal actions and are sometimes termed *quasi*-civil or *quasi*-criminal, and sometimes, though rarely, as *sui generis:* 3 R. C. L., p. 750, § 30. The Supreme Court of Wisconsin has held that, in proceedings under the Wisconsin bastardy statute, the paternity of the child must be proven beyond a reasonable doubt. See *Baker* v. *State,* 47 Wis. 111 (2 N. W. 110) ; *Sonnenberg* v. *State,* 124 Wis. 124 (102 N. W. 233). That court has also held that such a proceeding is not a criminal prosecution, but a statutory proceeding, criminal in form to enforce a civil obligation or duty: *State ex rel.* v. *Waltermath,* 162 Wis. 602 (156 N. W. 946).

Counsel for defendant submit that there is no material difference between our statute and the Wisconsin act from which a part of our law was taken; therefore, defendant invokes the rule that the legislature in adopting a statute from a sister state adopts the settled judicial construction of the adopted statute given in that state prior to such adoption. This general rule does not apply if the statute as adopted is materially changed, as our statute is changed in regard to the question at issue in the present case: 2 Lewis' Sutherland on Statutory Const., § 404, p. 785; see also Black on Inter. of Laws, § 70, p. 160.

So that, take it all in all, we recur to the primary rule in regard to what the intent of the lawmakers was in enacting the statute. By making the provision for the corroboration of the testimony of the prosecutrix the legislature guarded the interest of the defendant, and to quite an extent obviated the danger of his not having a fair trial. The proceeding in its final outcome is analogous to a suit to compel the support of a relative. The provision already referred to, that the defendant shall be entitled to the right of trial by jury, as in civil actions, taken in connection with the mandate in Section 2551, Or. L., directing the examination of the complainant before the justice "subject to the rules of evidence as provided by the Code of Civil Procedure," which examination may, under certain conditions, be read in evidence upon the trial, it seems to us, directs the manner of the trial in such a proceeding, and forecloses the question of the necessity of proving the material allegation of the complaint beyond a reasonable doubt, or to a moral certainty.

The major object of the law is to provide for the maintenance of such a child by its putative father, and incidentally to relieve the state from the necessity of caring for such an offspring. The statute does not provide for the imposition of a penalty for an immoral or unlawful act. To say the least, if the doctrine of reasonable doubt should be applied upon the trial of such a proceeding, the object to be attained by the enforcement of the law, as written at large in the act, would be rendered difficult and doubtful, and the attainment of justice in many cases would be endangered. The law, as expressed by the act, moderates the summary features of some of the older statutes. All of its provisions taken together

are alone consonant with the theory of a civil proceeding.

3. It necessarily follows that if the proceeding is civil in its nature, the court was well within the law in instructing the jury that nine of its number might concur in finding a verdict.

The charge to the jury by the learned trial judge was plain and explicit and in conformity to the law. The judgment of the Circuit Court was right, and is affirmed.                                          AFFIRMED.