# CASES DETERMINED

## August Term, 1879.

BAKER vs. THE STATE.

BASTARDY ACT. *Proof of paternity.*

1. In a proceeding under the Bastardy Act, the paternity of the child is the material fact to be found by the jury; and this fact it must find as upon evidence placing it *beyond reasonable doubt*.
2. Upon the evidence in this case, this court holds it impossible to determine, beyond a reasonable doubt, whether B., the plaintiff in error, or one X., was the father of the child, it appearing from the evidence of the prosecutrix that she had intercourse with X. about two weeks after her intercourse with B., and that the child was born within thirty-seven weeks after the earlier intercourse; and the judgment upon a verdict against B. is reversed on that ground.

ERROR to the Circuit Court for *Iowa* County.

This was a proceeding in the court below against *Baker* as the father of the bastard child of one Anna E. Swagger. Verdict and judgment having gone against *Baker*, he brought the case here by writ of error.

For the plaintiff in error, there was a brief by *Strong & McArthur*, and oral argument by *Mr. Strong*.

The cause was submitted for the defendant in error on the brief of *H. W. Chynoweth*, Assistant Attorney General.

ORTON, J.   The judgment in this case must be reversed on the evidence.

The testimony of Anna E. Swagger, the prosecutrix, is positive that her last menstruation was the first of September; that she had sexual intercourse with the defendant about two weeks thereafter, and with one C. Greenalsh about two weeks after that; that her child was born the 25th of May; and that the defendant is its father.

In such cases the paternity of the child is the main and material fact to be found by the jury *(Speiger v. The State,* 32 Wis., 400), and this fact the jury must find beyond a reasonable doubt.   *Zweifel v. The State,* 27 Wis., 396.   Whatever the probabilities may be, from this evidence, that pregnancy resulted from the first act of sexual intercourse, which was with the defendant, because of its being the nearest the termination of the period of menstruation, and of the longer time before the birth of the child, yet they are mere *probabilities,* and, by the best medical authorities, very questionable, and by no means without reasonable doubt.   2 Wharton & Stillé, §§ 43, 44, 45 and 46, and cases cited.

The prosecutrix having had sexual connection with two persons within so short a time, it was impossible for her to testify which act produced pregnancy, and which person is the father of the child.   *Commonwealth v. M'Carthy,* 2 Pa. Law J., 351; *Commonwealth v. Fritz,* 4 Pa. Law J., 219.

In view of these undisputed facts, and of the most creditable authorities, the jury could not have found the defendant guilty beyond a reasonable doubt.   Physiological speculations, natural probabilities, or merely probable cause, are quite insufficient upon the trial to establish the fact of paternity in such a case.   There must be, from the very nature of such evidence, great, and certainly very reasonable, doubt as to this main fact.   It is urged that if this is to be the rule, a conviction can never be obtained when more than one person has had sexual intercourse with the complainant about the same time.

This consequence of the rule is far less important and serious than the wrong and injustice of a conviction upon insufficient evidence.

In such a case, the question is not whether the defendant is guilty of having had illicit intercourse with the complainant, but whether, by such intercourse, the child was begotten; and this fact must be found beyond a reasonable doubt. This being the true legal rule, the consequence of its strict observance by courts and juries is not to be considered, except in changing or abolishing the rule itself; but while the rule exists, the consequences will not be presumed to be wrong or mischievous, but rather right and just.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.

