## VAN TASSEL VS. THE STATE.

*January 8 — January 29, 1884.*

*Bastardy: Proof of paternity.*

1. A bastardy proceeding is *quasi*-criminal, and the defendant must be proved beyond a reasonable doubt to be the father of the child before he can be compelled to contribute to its support.

2. A finding by the court, in such a case, that the defendant is guilty " upon a preponderance of the evidence, but not beyond a reasonable doubt," is equivalent to an acquittal.

ERROR to the Municipal Court for *Rock* County.

The facts are sufficiently stated in the opinion.

For the plaintiff in error there was a brief by *Winans, Fethers & Jeffris*, and oral argument by *Mr. Fethers*.

*The Attorney General*, for the defendant in error.

COLE, C. J. This was a bastardy proceeding tried in the municipal court of Rock county. A jury trial was waived. The municipal judge made this finding. He finds the defendant guilty "upon a preponderance of the evidence in the case, but not beyond a reasonable doubt, and the court finds it unnecessary that the mind of the court be satisfied beyond a reasonable doubt."

The rule laid down by this court which is applicable to this class of cases is, that the paternity of the child must be proven beyond a reasonable doubt *(Baker v. State*, 47 Wis., 111), and where the court — instead of a jury — tries the issue, the fact that the defendant is the father of the child should be established by the same amount or degree of evidence. The rule as to the degree of proof necessary to establish the paternity of the child may be different elsewhere; indeed, we are not ignorant of the fact that it is. But in this state the doctrine is that the jury or court must be satisfied beyond a reasonable doubt that the defendant is the father of the child before he can be compelled to contribute to its support.

When, therefore, the municipal judge stated that he did not deem it necessary that the charge against the defendant should be proven beyond a reasonable doubt, but that a mere preponderance of evidence was sufficient to justify finding him guilty, the learned judge violated the rule which had been deliberately laid down by this court on the subject. The proceeding in this state is deemed *quasi*-criminal, and the measure of proof essential to convict is the same as in strictly criminal cases. The municipal court in effect held that the rules of evidence applicable to civil cases governed on the trial of the issue. This was error.

As the case was tried by the court without a jury there can be no new trial. The finding of the court upon the evidence was equivalent to an acquittal on the charge made against the defendant.

*By the Court.*— The judgment of the municipal court is reversed, and the cause is remanded with directions to discharge the defendant.