McClellan, Plaintiff in error, vs. The State, Defendant in error.

*April 17 — May 15, 1886.*

Bastardy. *(1) Credibility of witnesses. (2) Corroborative evidence.*

1. In a bastardy proceeding the mother and the defendant are not of equal credibility as witnesses, the latter having a pecuniary interest in denying the paternity of the child.
2. Where the mother swears that the defendant is the father of the child, and he denies it, it is not necessary, in order to warrant a verdict of guilty, that the other evidence, by itself and independent of the mother's testimony, should satisfy the jury beyond a reasonable doubt.

ERROR to the Circuit Court for *Waushara* County. The case is stated in the opinion.

For the plaintiff in error there was a brief by *David S. Ordway*, attorney, and *Geo. D. Waring*, of counsel, and oral argument by *Mr. Ordway*. They contended, *inter alia*, that there was not sufficient evidence to sustain the conviction. The proceeding is *quasi* criminal, and the defendant must be proved guilty beyond a reasonable doubt. *Baker v. State*, 47 Wis. 111; *Van Tassel v. State*, 59 id. 351. The first instruction asked should have been given. *McFarland v. People*, 72 Ill. 369; *State v. Danforth*, 48 Iowa, 46.

*H. W. Chynoweth*, Assistant Attorney General, for the defendant in error, cited *Kuehn v. Wilson*, 13 Wis. 106; *Mariner v. Pettibone*, 14 id. 196; *Ely v. Tesch*, 17 id. 202; *Bierbach v. Goodyear Rubber Co.* 54 id. 208; *Spensley v. Lancashire Ins. Co.* 62 id. 443.

Orton, J. This is a prosecution for bastardy. The evidence is very similar to that which is common in such cases. The mother, as the main witness for the state, testified positively that the defendant was the father of her child,

and to the circumstances under which it was begotten. The child was born August 8, 1885, full grown. The menstruation of the mother had been regular early in the month, and occurred in October, 1884, the last time until after the child was born. In October the defendant had sexual connection with the complainant more than once at his father's house in the night-time in her bed-room, which was near his own, and he had been in the habit of visiting her room for that purpose nearly every week for some time, and continued to do so afterwards until she left off working at the McClellan house, about the first of December. The complainant was about eighteen years old, was one of a Polish family of twelve children, and had been in this country only one or two years, and, before going to work at McClellan's, on the 9th day of May, 1884, had worked out doors. These are the facts testified to by the complainant, strictly pertinent to the issue. It was only material that the defendant had intercourse with her at or near the proper time which in the course of nature might have reasonably made him the father of the child. The corroborating evidence was that the defendant had intercourse with the complainant the first time in June previously, in an open buggy, late at night, while he was taking her home to his father's house, and then afterwards under similar circumstances; and there was evidence by another witness that the defendant took her to ride towards his home on these occasions late at night. The defendant denied positively all these acts of intercourse, and that he did not so ride with the complainant in June, but did in August; and there was testimony of the mother and sister of the defendant, and other inmates of the family, that they never saw anything suspicious about the conduct of the parties at the house, night or day. This evidence has been stated in order to show the bearing of the instructions asked and given, upon which the main exceptions are predicated.

McClellan vs. The State.

The first request of the defendant's counsel was to charge as follows: " In this case both the mother of the child and the defendant are competent witnesses. The mother swears that the defendant is the father of the child, and the defendant swears that he is not. Then, if they are of equal credibility, the one, so to speak, offsets the other, and unless further evidence given by other witnesses for the prosecution, or circumstances proven, satisfy you beyond a reasonable doubt of the defendant's guilt, your verdict must be in favor of the defendant." This instruction was very properly refused, for the reasons:

(1) The mother and the defendant are not of equal credibility. The mother is a mere witness for the state in a proceeding to compel the father of her child to support it, and save the town from such a burden. She has no pecuniary interest, beyond that of any other witness, in the result of the prosecution. Before the statute allowed a party to testify in his own behalf he was excluded from being a witness on the ground of his pecuniary interest in the result; while the mother in such a case was not excluded on that ground, or any other, but was always a competent witness. She is an involuntary witness, and may be compelled to testify, and he is not; but he may testify, and his pecuniary interest in the result now only goes to his credibility. It would be highly improper for the court to submit to the jury the question of their equal credibility as witnesses when, from the nature of the prosecution, they are not and cannot be equally credible. But even in case where both witnesses are the parties, and equally credible, in a civil suit, or where the verdict may depend upon the preponderance of the evidence, such an instruction has been held by this court to be improper, in *Bierbach v. Goodyear Rubber Co.* 54 Wis. 208, which has been followed in *Spensley v. Lancashire Ins. Co.* 62 Wis. 443. The reason given for the rejection of such a rule is

equally applicable to a case where the defendant must be found guilty beyond a reasonable doubt. It is an unwarrantable invasion of the province of the jury, at any rate; and the witnesses might be equally credible as witnesses, and their testimony, from their means of knowledge, the character of their story, and manner of testifying, not be equally credible.

(2) The instruction assumes that, if the defendant and complainant are of equal credibility, then there can be no verdict of guilty unless further evidence or circumstances proven satisfy the jury beyond a reasonable doubt of the defendant's guilt; that is, such further evidence, without that of the complainant, must so satisfy the jury,— the corroborating evidence must in itself be sufficient without the evidence to be corroborated.

The other instructions asked are abstract or self-evident propositions, or were in substance given in the general charge. We are unable to find any just cause of complaint in the general charge of the court, or to understand the reasons attempted to be given in the brief of the learned counsel of the defendant why it was not in all particulars correct and fair. The main burden of the argument seems to be that the testimony of the complainant was contradictory, incredible, and uncorroborated, and was insufficient to convict the defendant. We think that her testimony was strongly corroborated. She was a young, hard-working, unsophisticated Polish emigrant girl, probably ignorant and unacquainted with the ways or the laws of this country, or the effect of evidence. She would not be at all likely to become a willing or swift witness against an innocent man. Cold, wilful, and corrupt perjury would not be likely to reside in the tender and untutored nature of such a young girl. She seems to have manifested no hatred or ill will or spirit of revenge against the defendant, and she makes no complaint of being seduced under a promise of marriage.

She appeared to conceal nothing, not even several months of weekly cohabitation, not necessary to be disclosed in order to prove that the defendant was the father of her child. One instance at or near the proper time was sufficient. The opportunities of the defendant were favorable and frequent; and that he had been alone with her on occasions he admitted; and that he rode home with her several times very late at night was testified to by other witnesses. This evidence and these circumstances strongly corroborate the testimony of the complainant, and we cannot say that the jury were not warranted in finding the defendant guilty beyond a reasonable doubt. We can find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.