HODGSON, Appellant, vs. NICKELL, Respondent.

*September 5 — September 20, 1887.*

*Bastardy not a civil action: Jail liberties.*

A person committed to jail in a bastardy proceeding for non-compli-
ance with the judgment against him therein, is not entitled to the
jail liberties. That proceeding is not a " civil action," in the sense
in which those terms are used in sec. 4322, R. S., but it is a special
proceeding and *quasi* criminal; nor is a commitment for non-com-
pliance with a judgment which requires not only the payment of
money but also the giving of a bond for the future support of the
child, " an attachment for contempt — for non-payment of a sum
of money ordered to be paid," within the meaning of that section.

APPEAL from the Circuit Court for *Waukesha* County.
This action was brought to recover damages for an
alleged false imprisonment of the plaintiff by the defendant.
A trial of the cause resulted in a verdict for the plaintiff.
On motion of the defendant the court set aside the verdict
and granted a new trial, for the reason, as stated in the
order in that behalf, " that on said trial the court erred in
certain of his rulings and his charge to the jury." This ap-
peal is by the plaintiff from such order.

There is no controversy concerning any of the material
facts. The plaintiff was prosecuted in a bastardy proceed-
ing, and was duly tried and convicted, whereupon judgment
of affiliation, and for the payment of certain sums of money
for lying-in expenses, for the support, past and future, of
the affiliated child, and for costs; and requiring the accused
(the present plaintiff) to give bond to secure the perform-
ance of the judgment as required by sec. 1536, R. S.,— was
duly rendered and entered. A certified copy of the judg-
ment was delivered to the defendant, who was then the
sheriff of the county in which the bastardy proceeding was
had, and judgment rendered, by virtue of which he took the
plaintiff into custody, but immediately accepted the bond

specified in R. S. sec. 4323, and gave him jail liberties, sup-
posing that the case came within the provisions of sec. 4322.
This was in June, 1884.

On July 28th of the same year, the defendant having been
advised by the district attorney of his county, and by other
attorneys of high standing in their profession, that the
plaintiff was not entitled to jail liberties, took him into
nominal custody, but did not then imprison him in the
county jail, and so held him until the 30th of the same month.
During that time the plaintiff obtained a writ of *habeas
corpus*, issued by the county judge, and was brought before
that officer by virtue thereof. The judge proceeded to in-
quire into the cause of the alleged imprisonment, and the
hearing resulted in an order holding the imprisonment legal,
and remanding the plaintiff to the custody of the sheriff.
At the same time a regular commitment of the plaintiff for
non-compliance with the judgment in the bastardy proceed-
ing was delivered to the sheriff, whereupon, on July 30th,
he imprisoned the plaintiff in the county jail, and held him
a close prisoner, disregarding his demand to be allowed jail
liberties, until August 28, 1884, when he was admitted to
jail liberties by order of the circuit court, and was discharged
from any custody by due course of law September 5, 1884.
The imprisonment complained of is from July 28th to
August 28, 1884.

The circuit judge instructed the jury that the plaintiff
was entitled to jail liberties, and hence that his imprison-
ment during the time complained of was unlawful. The
jury found for the plaintiff, as directed by the court, and
assessed his damages at $700.

For the appellant there was a brief by *Sumner & Tullar*,
and oral argument by *D. S. Tullar*. Among other things,
they contended that, under sec. 4322, R. S., the plaintiff was
entitled to the jail liberties. That statute is in the inter-
est of the liberty of the citizen, and is to be liberally con-

strued. *In re Milburn*, 59 Wis. 24; *In re Gill*, 20 id. 686. The bastardy statute was intended, not to punish the parent, but to compel him to support and provide for his offspring. *State v. Jager*, 19 Wis. 235; *Baker v. State*, 65 id. 80. The action is a civil action within the meaning of sec. 4322, R. S. The defendant as sheriff had no right to re-arrest the plaintiff after having accepted his bond and released him to jail liberties, except in the contingency that his sureties are insufficient. *Sullivan v. Alexander*, 19 Johns. 233.

*Warham Parks*, for the respondent.

Lyon, J. The question which meets us at the outset is whether a defendant in a bastardy proceeding, who has been found guilty, and is in custody of the sheriff for non-compliance with the judgment against him therein, is entitled to jail liberties. If he is not, the circuit court erred in his charge to the jury that the plaintiff was so entitled, and that his close imprisonment by the sheriff — the defendant — was unlawful. In such case a new trial was properly granted, and cannot be disturbed.

Sec. 4322, R. S., reads as follows: "Every person who shall be in the custody of the sheriff of any county, by virtue of an order of arrest, or writ of *ne exeat*, or surrender by his bail upon an order of arrest, execution (except when issued in a civil action for the recovery of a forfeiture or penalty), or attachment in proceedings for contempts, not criminal, issued for nonpayment of costs, or of any sum of money ordered to be paid in a civil action, shall be entitled to be admitted to such jail liberties upon executing the bond prescribed in the next section."

An analysis of this section readily shows its true meaning and scope. To entitle any person to jail liberties, he must be in custody of the sheriff by virtue of (1) an order of arrest, or surrender by his bail upon such an order; or (2) a writ of *ne exeat;* or (3) an execution in a civil action other

Hodgson vs. Nickell.

than for the recovery of a forfeiture or penalty; or (4) an attachment for nonpayment of costs, in a proceeding for contempt not criminal; or (5) an attachment for the non-payment of any sum of money ordered to be paid in a civil action.

If the plaintiff was entitled to jail liberties, it must be so because the case comes within the above classes 4 and 5. None of the others can possibly be applicable, because the process under which he was in custody was neither an order of arrest, a *ne exeat*, a surrender by bail, nor an execution, but an attachment.

There are two conclusive reasons why the statute has no application in a bastardy proceeding. The first reason is that it is not a civil action in the sense in which that term is employed in sec. 4322, but is a special proceeding, as was held in *State v. Mushied*, 12 Wis. 561; *State v. Jager*, 19 Wis. 235; *Baker v. State*, 65 Wis. 50; *Bookhout v. State*, 66 Wis. 415.

But were the proceeding a civil action, another reason why the plaintiff was not entitled to jail liberties, under sec. 4322, is found in the fact that the judgment required him to do something more than to pay money. It also required him to give the bond called for by sec. 1536, and he was attached and in custody for non-compliance with that requirement, as well as for non-payment of money. Had he paid the costs, and all sums then due on the judgment, he was still bound to give the bond to secure the payment of such sums as would become due thereafter. Manifestly, sec. 4322 provides for no such case.

We conclude that the court erred in his instruction to the jury that the plaintiff was entitled to jail liberties, and, hence, that a new trial was properly granted for that reason. Other questions were argued by counsel, but it is unnecessary to determine them.

*By the Court.*— Order affirmed.