KENNEY, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 20 — April 25, 1889.*

BASTARDY. *(1) Credibility of witnesses: Defendant's pecuniary interest. (2) Conflicting testimony: Reversal.*

1. In a prosecution for bastardy it was not error for the court, in speaking of matters affecting the credibility of witnesses, to call the attention of the jury to the fact that the defendant had a more direct pecuniary interest in the event of the suit than had the prosecuting witness.

2. The prosecuting witness and the defendant having flatly contradicted each other, and there being no more corroboratory testimony in favor of the one than the other, the refusal of the trial court to set aside a verdict against the defendant will not be disturbed.

ERROR to the Circuit Court for *Dunn* County.

The facts are sufficiently stated in the opinion.

The cause was submitted for the plaintiff in error on the brief of *R. D. Whitford*, and for the defendant in error on a brief by *E. B. Manwaring*, and a separate brief signed by the *Attorney General* and *L. K. Luse*, Assistant Attorney General.

TAYLOR, J. The writ of error was issued in this case to review the proceedings in a case of bastardy prosecuted by the state against the plaintiff in error. Upon the trial in the court below the plaintiff in error was adjudged to be the father of the illegitimate child of the prosecuting wit-

ness, Ida Thibado, and the usual order and judgment was entered by the court for the support of such child, as provided by statute. After the trial, and before final judgment was entered, the plaintiff in error moved to set aside the verdict and for a new trial, upon the minutes of the court and the proceedings in the action; basing such motion upon the alleged errors of the court in charging the jury, and upon the want of evidence to support the verdict. This motion was denied, and the plaintiff in error excepted, and afterwards, and before judgment, the plaintiff in error petitioned the court in writing to set aside the verdict and grant a new trial on the ground that justice had not been done. This petition was denied, and plaintiff in error excepted.

The learned counsel for the plaintiff in error contends that the circuit judge erred in his instructions to the jury. We have read the instructions as well as the evidence in the case. We find the instructions brief and pertinent to the questions for consideration by the jury. As usual in cases of this kind, the principal witnesses in the case are the prosecuting witness and the accused, and, as stated by the learned circuit judge, it is necessarily a question as to the credibility of the testimony given by these parties. The only things complained of in the instructions are the remarks made by the learned judge as to the comparative interests of the parties in the result of the trial. The learned judge said that " in determining the weight of testimony and the degree of credibility to be attached to any particular testimony, there are several considerations which I may refer to. One is the motive which either party may have for testifying falsely,— the motive so far as appears from the evidence; and one motive that is sometimes a strong inducement to misrepresent is the pecuniary interest in the event of the suit. I say that is one motive that may

actuate and prompt men and women to make false statements, and of course, as I say to you, that, so far as the pecuniary motive is concerned,— so far as the pecuniary interest in the event of this suit,— these parties are not equal, but are unequal: the defendant having a more direct pecuniary interest in the suit, and the prosecuting witness having none. I do not mean to say by this that the defendant has told the truth, or that the prosecuting witness has told the truth or the reverse. I simply leave that to your judgment. I simply call attention to the motive which he has, as has been decided by the supreme court; that, so far as the pecuniary interest is concerned in the event of the suit, the parties do not stand equal." This instruction as to the comparative pecuniary interests of the prosecutrix and the accused is sanctioned by the opinion in the case of *McClellan v. State*, 66 Wis. 335, 337. We think the instructions were not erroneous.

Upon the question as to the sufficiency of the evidence to sustain the verdict, we think there can be no question, so far as this court is concerned. The credibility of the prosecuting witness as well as of the defendant was a question peculiarly for the jury. Either the prosecutrix testified falsely or the defendant did. There was a flat contradiction in their statements, and, so far as we can discover, there was no more corroboratory testimony in favor of the one than the other. It was for the jury to determine the question in the first instance, and in the second place for the trial judge to grant a new trial if he thought injustice had been done by the verdict of the jury. The jury having found a verdict giving credibility to the statement of the prosecuting witness, and the trial judge having refused to set aside the verdict, this court will not interfere. Certainly the learned circuit judge had a better opportunity to judge of the credibility of the witnesses than this court

can possibly have, and, he having expressed his satisfaction as to the verdict of the jury, this court will not reverse the judgment of the trial court.

*By the Court.*— The judgment of the circuit court is affirmed.