Roberts vs. The State.

---

Roberts, Plaintiff in error, vs. The State, Defendant in error.

*February 4 — February 21, 1893.*

*Credibility of witnesses: Instructions to jury: Bastardy.*

The credibility of witnesses being a question for the jury exclusively, it was error, in bastardy proceedings, to instruct them that the complaining witness and the defendant were not of equal credibility as witnesses because the latter had a greater pecuniary interest in the result.

Roberts vs. The State.

ERROR to the Circuit Court for *Racine* County.
The facts are stated in the opinion.
*Thomas M. Kearney*, for the plaintiff in error.
For the defendant in error there was a brief signed by
*E. O. Hand*, district attorney of Racine county, and by the
*Attorney General* and *J. M. Clancey*, Assistant Attorney
General, and the cause was argued orally by *Mr. Hand*
and the *Attorney General*.

O.RTON, J. The defendant, *Hale Roberts*, was tried and
found guilty on a complaint charging him with being the
father of a child of which one Eva Maud Bankes was preg-
nant, and which, if born alive, would be a bastard. The
complaining witness, the said Eva, testified that the child
was the product of sexual intercourse between the said
*Hale Roberts* and herself, which took place in September,
1890, about 12 o'clock at night, in a single square-boxed
buggy in which they were riding on their way to her home
from attending an opera in the city of Racine. The de-
fendant, as a witness in his own behalf, testified substan-
tially to the same facts as to the time, place, and circum-
stances, but most positively denied the sexual intercourse
and anything improper between them at that time or at any
other time. This testimony of the defendant as to the oc-
casion and suitable opportunity was nearly, if not quite, all
the corroboration there was of the testimony of the com-
plainant. The jury found the defendant guilty, and the
court rendered the usual judgment. The defendant, on
proper exceptions, has brought the case to this court by a
writ of error, and has assigned several errors. There is
only one assignment of error which we deem clearly well
founded, and it being alone sufficient to cause a reversal of
the judgment and ordering a new trial of the action, and
as the other errors assigned, if any, may not again occur,
they will not be further considered.

The trial generally appears to have been very fairly and ably conducted by the learned court and counsel, and the verdict seems to have been warranted by the evidence. The error to be considered is a bold and striking one, and no less than a clear usurpation by the court of the legitimate functions of the jury. The defendant had the right to a jury trial of every material issue of fact in the case, and was entitled to have the verdict of the jury alone on the facts, and, if against him, without the interference of the court, and beyond a reasonable doubt. If there is one question more peculiarly and exclusively within the province of the jury than any other it is that of the credibility of the witnesses. The right or duty to decide this question must never be divided between the court and the jury, and much less taken away from the jury and decided wholly by the court. "It is to be remembered," said Chief Justice WHITON, in *Kellogg v. Nelson*, 5 Wis. 131, "that the jury are the *sole* judges of the *credibility* of the witnesses." Where the two parties testify directly against each other as to a single fact, and there is no corroboration of either one, "the jury must *weigh* the testimony and determine which was entitled to the greater credit." *Kuehn v. Wilson*, 13 Wis. 104. In *State v. Ginger*, 80 Iowa, 574, it is held "that *that* court [supreme] will not reverse a judgment in bastardy when the complainant swore that the defendant was the father of the child, and the defendant swore that he was not, and there was no corroborating evidence to sustain the complainant." The court said, "The jury must judge which is the more credible."

In this case the following instructions were given by the court to the jury at the request of the district attorney, viz.: "You are instructed that in actions like this the mother of the child and the defendant are not of equal credibility as witnesses. You are instructed that they are not witnesses of equal credibility, because the defendant,

*Hale Roberts*, has a greater pecuniary interest in the result of the suit." These instructions were repeated in the general charge of the court. These instructions were followed by remarks on the subject of the pecuniary interest of witnesses in the result as a motive to be considered by the jury in determining their credibility, substantially in the language of those approved by this court in *Kenney v. State*, 74 Wis. 260. Mr. Justice TAYLOR said of them, after approving them, as follows: "The credibility of the prosecuting witness as well as of the defendant was a question peculiarly for the jury." The question of their credibility was not passed upon by the court, as in this case, but left exclusively to the jury. That question could not be taken away from the jury and decided by the court in language more explicit and emphatic than by the above instructions,— "You are *instructed* that they are not *equally credible;*" and so the jury are bound to find, even if they should be of the opinion that the defendant's interest did not affect his credibility in the least, and that he told the truth, and that the complainant did not. I think it is safe to say that these instructions are not justified by any authority. It is an axiom of the law, and an elementary principle, that in all jury cases the credibility of the witnesses must be determined by the jury alone.

These instructions are sought to be justified by *McClellan v. State*, 66 Wis. 335. The instructions of the court requested to be given to the jury in that case were as follows: "In this case both the mother of the child and the defendant are competent witnesses. The mother swears that the defendant is the father of the child, and the defendant swears that he is not. Then, if they are of equal credibility, the one, so to speak, offsets the other; and, unless further evidence given by other witnesses for the prosecution, or circumstances proven, satisfy you beyond a reasonable doubt of the defendant's guilt, your verdict must be in favor of

the defendant." These instructions were refused by the trial court. They state a case in which it would be impossible to convict the defendant on the testimony of the complainant alone, for if the mother of the child and the defendant are equally entitled to be believed, the jury would not be warranted *arbitrarily* to find the defendant guilty from the evidence. There must be at least a *preponderance* of the evidence against him, not to say that he must be found guilty beyond a reasonable doubt. From the case stated in the instructions it is a *corollary* that there could be no conviction. It would be in principle the same as in *Baker v. State*, 47 Wis. 111, where the defendant and another had sexual connection with the complainant at the proper time to produce the child. This court held that the jury had no right arbitrarily to find that the defendant was the guilty party, and reversed the judgment. When the conviction must be beyond a reasonable doubt, it must at least have a preponderance of *credible* evidence to support it. This court held that the said instructions were properly refused. If there might have been such a case of equal credibility, why should not the instruction have been approved? It is said in the opinion: "The mother and the defendant are not of equal credibility," on account of the defendant's pecuniary interest in the event of the suit. Whether his interest was greater than that of the mother, or that the mother had no interest in it, could make no difference with the proposition that they are not of equal credibility on account of interest. Besides this inequality of interest, the opinion says that their testimony might not be equally credible from the manner of their testifying, their means of knowledge, and the character of their story. These are the reasons given why, as a fact, the mother and defendant are not, or may not be, equally credible in such a case. It is stated as a *fact* and not as a proposition of law, and as a reason why the instructions were properly

Roberts vs. The State.

refused. But there is another reason given, which the learned circuit court and district attorney must have overlooked, and that is: " *It is an unwarrantable invasion of the province of the jury at any rate;* " that is, to give such an instruction to the jury, as to the credibility of the mother and the defendant in such a case. It is just as much an invasion of the province of the jury to instruct them that the complainant and defendant are *not* of equal credibility as that they are of equal credibility. If they had observed this part of the opinion, the district attorney would not have requested, and the court would not have given, the instruction.

It would be a most remarkable coincidence where two witnesses testifying directly against each other to a single fact, and neither one corroborated by other testimony, should be of equal credibility before the jury in all respects. It would be nearly, if not quite, as remarkable as that the two witnesses themselves should be alike in all respects. Their interests, feelings, prejudices, manner of testifying, means of knowledge, strength of memory, clearness of recollection, the reasonableness of their story, and other tests of credibility, would make their testimony preponderate to one side or the other. There is always something in the witnesses themselves, or in their testimony, by which the jury can determine which is the more credible. This was the reason why this court could not reverse the judgment in *Kenney v. State*, 74 Wis. 260. " There was a flat contradiction in their statements, and, as far as we can discover, there was no more corroborating testimony in favor of the one than the other. It was for the jury to determine the question in the first instance. The jury having found a verdict giving credibility to the statement of the prosecuting witness, and the trial judge having refused to set aside the verdict, this court will not interfere." Why not? Most clearly because the parties did not stand

equal in interest, or in view of other tests of credibility. In *Bierbach v. Goodyear R. Co.* 54 Wis. 208, the instruction was: " Of course, if the witnesses are equally credible, and they so present themselves to the mind of the jury, then the greater number of witnesses on one side or the other would be entitled to greater weight." Mr. Justice Lyon said in the opinion: " We think the instruction was erroneous. It laid down an arbitrary rule for determining which way the evidence preponderated when there was a conflict of testimony." " A verdict based upon the testimony of such *minority* will not be disturbed because opposed to the testimony of the majority. The jury alone are to determine, not only the credibility of the witnesses, but also the weight which should be given to the testimony of each; " and, finally, " that the above instruction invaded the province of the jury in that respect, and was an unwarrantable interference with their peculiar functions."

In *Ely v. Tesch*, 17 Wis. 202, Mr. Justice Paine said: " It was improper for the court to say to the jury that when one witness testified on one side and another on the opposite side, and the two are equally credible, the testimony of a third necessarily creates a preponderance on either side. The witness might show such incapacity or prejudice or want of memory that the jury might regard him as wholly unworthy of belief." In *Van Doran v. Armstrong*, 28 Wis. 236, one ground of the motion for a new trial was that the jury believed the testimony of the plaintiff as a witness in his own behalf against the testimony of two witnesses on the other side. Mr. Justice Lyon said: " It was not the duty of the jury to *count* the witnesses and render a verdict in accordance with the testimony of a majority of them, but it was their duty to *weigh* the testimony, and render a verdict in accordance with a preponderance of the evidence."

Roberts vs. The State.

It has never been held by this court that the testimony of the complaining witness in a case like this required corroboration in order to convict the defendant, even against his own testimony, but, on the other hand, it has been held that this court will not reverse a judgment procured by her own uncorroborated testimony against the testimony of the defendant. The reason of this must be that they did not stand equally credible before the jury, and that her testimony had the weight, not only to make a preponderance against the defendant, but to convict him beyond a reasonable doubt. Another reason is given in *McClellan v. State*, 66 Wis. 335, and that is that formerly, when witnesses and parties were debarred from testifying if they had any direct pecuniary interest in the event of the suit, the prosecuting witness, in a case like this, could always testify, notwithstanding any incidental or contingent interest she might have. They certainly never have been considered of equal credibility by the jury. But in all these cases the principle is made prominent that their credibility in all cases is a question exclusively for the jury, and that it is a fatal error for the trial court to instruct the jury that they are or are *not* of equal credibility. The jury must be left entirely free to pass upon the question of the credibility of the testimony of the complainant and of the defendant, and to believe the testimony of the first and find the defendant guilty, or believe the testimony of the defendant and find him not guilty.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.