206    SUPREME COURT OF WISCONSIN.    [89

Farley vs. Chicago, Milwaukee & St. Paul R. Co.

FARLEY, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*December 14, 1894 — January 8, 1895.*

*Railroads: Injury to persons driving across tracks: Contributory negligence: Special verdict: Inconsistency: New trial.*

1. While plaintiff was driving across defendant's tracks his wagon was struck by an engine and he was injured. A finding that he was guilty of contributory negligence is *held* to be inconsistent with other findings of the special verdict, to the effect that the wind interfered with his hearing the approaching engine; that a man of ordinary intelligence and prudence driving over the tracks on a trot ought not to have reasonably expected that he would be unable to stop in time to avoid a collision; that under the circumstances ordinary care did not require a person of ordinary intelligence and prudence, so driving, to stop and listen for an approaching engine before driving upon the tracks; that plaintiff was directed to drive across the tracks by a person upon whose judgment he relied; that such person ought not to have reasonably anticipated that a collision would occur; and that the jury found for the plaintiff. Such inconsistency was sufficient to justify the granting of a new trial.

2. The granting of a new trial on the ground that the verdict is "in part contrary to the clear preponderance of the evidence," rests in the sound discretion of the trial court.

3. Thirty-two questions submitted for a special verdict are criticised as calculated, both by their nature and their number, to confuse and mislead the jury.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an action for personal injuries sustained by the plaintiff, September 28, 1891, while driving across twelve parallel tracks of the defendant, covering the space of seventy-five feet, at an alleged street crossing, by being struck by a passing engine, in consequence of the alleged negligence of the defendant's servants in charge. The defendant answered by way of admissions and denials. At the

close of the trial the court submitted to the jury thirty-two questions, in the form of a special verdict, six of which were answered by the court or by the consent of counsel, twenty-five of which were answered by the jury, and one remained unanswered. Upon the rendition of the verdict, the defendant moved the court, upon the minutes of the judge and the special verdict, for an order directing judgment to be entered in favor of the defendant; and the plaintiff at the same time moved the court, upon the minutes of the judge, the special verdict, and the evidence, to set aside said verdict and to grant a new trial on seventeen specific grounds mentioned. The court overruled the defendant's motion, and granted that of the plaintiff "for the reason that said special verdict is inconsistent and in part contrary to the clear preponderance of the evidence given on said trial." From that order the defendant appeals.

*C. H. Van Alstine*, of counsel, for the appellant.

For the respondent there was a brief by *Toohey & Gilmore*, and oral argument by *John Toohey*.

CASSODAY, J. The thirty-second finding of the jury, to the effect that the plaintiff was guilty of contributory negligence, is inconsistent, if not in direct conflict, with several other findings, to the effect that the direction and velocity of the wind at the time of the accident seriously interfered with the plaintiff's hearing the approaching engine; that a man of ordinary intelligence and prudence, driving over the tracks on a trot, ought not to have reasonably expected that he would be unable to stop his horse in time to avoid a collision with an approaching engine; that under the circumstances ordinary care did not require a person of ordinary intelligence and prudence, so driving at the time, to stop his horse and listen for an approaching engine before driving upon the tracks; that the plaintiff was told to drive on, when his horse's head was near the track on which the

collision occurred; that the plaintiff relied upon the judgment of the person so directing him; that the person so directing him to drive on ought not to have, as a man of ordinary intelligence and prudence, reasonably expected that a collision would occur if his direction should be obeyed; that the jury found for the plaintiff. There are still other inconsistencies in the verdict. Such inconsistencies in the findings of the jury were sufficient to justify the order setting aside the verdict and granting a new trial.

But another reason given in the order for granting a new trial is that the verdict was "in part contrary to the clear preponderance of the evidence." The granting of the order, for such a reason, rested in the sound discretion of the trial court. *McLinnans v. Lancaster*, 57 Wis. 297; *Seaman v. Burnham*, 57 Wis. 568; *Evans v. Rugee*, 63 Wis. 31; *Smith v. Champagne*, 72 Wis. 480; *Schraer v. Stefan*, 80 Wis. 653; *Schillinger v. Verona*, 85 Wis. 595.

The nature and number of the questions submitted to the jury were well calculated to confuse and mislead them. As frequently suggested by this court, the questions submitted should be limited to the material and controverted questions of fact. *Eberhardt v. Sanger*, 51 Wis. 72; *Heddles v. C. & N. W. R. Co.* 74 Wis. 257; *Montreal R. L. Co. v. Mihills*, 80 Wis. 551. Such material facts as were not controverted should have been found by the court. *Hart v. West Side R. Co.* 86 Wis. 483.

Since the new trial was properly granted, it follows that the defendant's motion for judgment was properly denied.

*By the Court.*— The order of the circuit court is affirmed.