BARRETT, J.
—This is an action for damages for breach of a contract of employment. Upon the 24th day of August, 1892, Mr. Crawford, a professional writer for the press, was employed by the defendant at a stipulated salary to contribute a weekly article to its newspaper, the Mail and Express. The employment was for two years, with the proviso that Mr. Crawford’s services should be “ satisfactory to the publishers ” ; and, in case they were not, that he should be entitled to one week’s notice of the termination of the employment. The contract was signed by Elliott F. Shepard, as president of the defendant ; and Mr. Crawford’s dealings thereafter were almost exclusively with that officer. The plaintiff performed his engagement regularly, without any expression of dissatisfaction from any one connected with the defendant, until Col. Shepard’s death, which occurred on the 24th of March, 1893. A week later the defendant notified Mr. Crawford to cease his contributions, and subsequently it returned his manuscript, and distinctly terminated the contract. This action for damages followed. Upon the trial the learned judge who presided dismissed the plaintiff’s complaint upon the ground that the defendant, under the terms of the contract, had a right to ter *741 mínate the employment as it did. At the close of the plaintiff’s case, a motion to dismiss was made upon the ground that the onus was upon the plaintiff to show that his services were satisfactory, “ or else the publishers had a perfect right to terminate the contract at will.” This motion was denied. The defendant then called as a witness Mr. Alexander, who ivas the editor of the newspaper and the treasurer of the corporation. Mr. Alexander testified that at a meeting of the trustees of the defendant corporation, had after Col. Shepard’s death, the value of Mr. Crawford’s services was discussed, and it was unanimously agreed that his services should be dispensed with, for the reason that they were unsatisfactory to the publishers. At the close offfche case the learned trial judge dismissed the complaint upon a renewal, at that stage, of the motion which he had previously denied. The plaintiff’s counsel excepted to the ruling, and asked leave to go to the jury upon the question of satisfaction as one of fact, claiming that the evidence of dissatisfaction was not so clear as to warrant a dismissal of the complaint. The trial judge denied the request to go to the jury, and the plaintiff excepted.
We think these rulings were erroneous. Whether the defendant was really dissatisfied with the plaintiff’s services, or whether its expression of dissatisfaction lacked genuineness, was a.question of fact for the jury. As was said in Exhaust Ventilator Co. v. Chicago, M. & St. P. Ry. Co., 66 Wis. 218, 28 N. W. 347, “ To be dissatisfied is a fact, and must be a verity, and not a pretext.” The contract here could not be terminated at will or pleasure. It could not, in fact, be terminated while the employé’s services were satisfactory to the employer. If they were really satisfactory, the employer could not effect a lawful dismissal by a false statement of dissatisfaction. It is true that ordinarily an employer ought to know whether he is satisfied or dissatisfied with his employe, and that no one else can know as well. But it is equally true that his assertion is not conclusive, and that the circumstances attending the assertion may be such as to justify a jury in finding that it was a sham, and that in his secret heart the employer was not dissatisfied, but simply desired, for other reasons, to get rid of his employé. It was said in Tyler v. Ames, 6 Bans. 280, where the contract was to employ an agent for a year if he could fill the place satisfactorily, that “ it was for the defendant to determine when plaintiff failed to fill the place of agent satisfactorily,” and that the court knew of no one who was authorized to review the employer’s decision. That case was, as the respondent suggests, referred to with approval in Boiler Co. v. Garden, 101 N. Y. 390, 4 N. E. 750, but the distinction which we make was also plainly indicated. “ One who undertakes to fill a particular place as agent,” said Judge Danforth, “ may not unreasonably be expected to be bound by the opinion of his employer honestly entertained.” Clearly, these words “honestly entertained” lay at the foundation of *742 the proviso in question. Was the dissatisfaction, then, honestly entertained? Was it in truth, to quote the language used in Tyler v. Ames, “ the mental condition of the employer ” ? Or was their mental condition the reverse ? And did they put the dissatisfaction forward merely as a pretext to enable themselves to reduce expenses ? The determination of the main question of satisfaction or dissatisfaction undoubtedly belonged to the employers. But it must be a genuine, and not a sham, determination. It is impossible to avoid the conclusion that here there was enough to go to the jury on the latter head. For seven months the plaintiff proceeded under his contract without a word of complaint. His contributions, indeed, received flattering treatment. They wdre conspicuously published and specially noted. Shortly before Col. Shepard’s death, he selected the plaintiff to perform an unusual and important service for the newspaper. In doing so, he referred in writing to Mr. Crawford’s “ intelligence and judgment.” Yet within a week after Col. Shepard’s death the plaintiff was requested to discontinue his contributions. This request was in writing, and its tone was apologetic. There was not a suggestion of dissatisfaction. On the contrary, the secretary’s letter which conveyed the request suggested other reasons for the defendant’s action. “You probably know,” the letter commenced, “ that the death of Col. Shepard has necessitated. some changes in our work upon this paper.” Upon cross-examination, Mr. Alexander testified that the plaintiff’s services were unsatisfactory because “ they were unsatisfactory to the public.” Yet he acknowledged that there had been no expression of dissatisfaction on the part of the public since Col. Shepard’s death. Whatever such expressions there were, related to the period when Col. Shepard was alive, and in full control. The character of these expressions may be inferred from the fact that Col. Shepard, in his relations with the plaintiff, never referred to them. The defendant’s estimate of their value may also be inferred from the fact that none of the letters or communications in question were produced, although the witness who spoke of them acknowledged that the defendant probably had them.
We also think that the learned trial judge erred in limiting Mr. Alexander’s cross-examination upon the point in question. That the defendant’s expression of dissatisfaction was not real and genuine could only be proved by circumstances. It was competent, therefore, to show that, at or about the time of the plaintiff’s dismissal, the trustees began to restrict and reduce the expenses of the paper. It was also competent to show that no objectionable article by the plaintiff could be pointed out. Such circumstances were," of course, inconclusive in themselves, but the plaintiff was entitled to have them weighed by the jury in connection with all the other facts and circumstances.
there are other questions of a serious character presented, by the appellant, which need not be examined, as, for the *743 reasons already assigned, the plaintiff is clearly entitled to a new trial.
The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.