Suckow, Plaintiff in error, vs. The State, Defendant in error.

*April 21—May 10, 1904.*

*Bastardy: Sufficiency of evidence: Credibility of witnesses: Instructions to jury.*

1. In a bastardy proceeding it is *held* that, although there was much to cast discredit upon portions of the testimony of the complaining witness, her story was not so improbable or incredible

as to make it an abuse of discretion for the trial court to refuse to set aside the verdict of guilty.

2. The jury were charged that the material question was not as to the character of the complaining witness, but whether defendant was the father of her bastard child, and that, if the jury found he was the father, it was immaterial, *on that question*, what the character of the complaining witness was. *Held*, that this did not, in view of other portions of the charge, leave the jury to infer that the character of the complaining witness for truth and veracity was immaterial.

3. A charge that the jury had not the right to reject all the testimony of a witness *merely* because they concluded that he testified falsely as to some material matters, *held* not erroneous.

4. The court having charged the jury generally as to when they might properly reject all the testimony of a witness who had testified falsely as to material matters, it was not error to refuse to instruct them specifically to the same effect as to the complaining witness.

5. It is not error to refuse an instruction the substance of which is covered by the general charge.

ERROR to review a judgment of the circuit court for Washington county: JAMES J. DICK, Circuit Judge. *Affirmed*.

June 28, 1902, one Jennie Kapfer made complaint on oath before a justice of the peace to the effect that on May 26, 1902, she had been delivered of a bastard child and that the plaintiff in error was the father of the child, and prayed that he be brought before the justice to answer such complaint. On the same day the justice issued a warrant and the accused was arrested thereon, and brought before the justice, and he waived examination and was bound over to appear at the then next term of the circuit court, and a return thereof was made by the justice accordingly. Thereupon the accused pleaded not guilty, and the cause was tried and resulted in a verdict of guilty, which was set aside and a new trial ordered by reason of errors in the charge. Subsequently the cause was again tried, and at the close of the trial the jury returned a verdict of guilty, and to reverse the judgment entered thereon the accused sues out this writ of error.

For the plaintiff in error there was a brief by *Butterfield & Rix,* and oral argument by *H. K. Butterfield.*

For the defendant in error there was a brief signed by *Barney & Kuechenmeister* and by the *Attorney General* and *Walter D. Corrigan,* second assistant attorney general, and the cause was argued orally by *Mr. Corrigan* and *Mr. S. S. Barney.*

CASSODAY, C. J. 1. The principal ground upon which we are asked to reverse the judgment is that the verdict was perverse and not sustained by credible evidence. This is based upon the alleged contradictions, inconsistencies, and improbabilities of testimony given by the complaining witness. She claims that the child was begotten on the evening of September 1, 1901; that the accused was the father of the child; that she never had sexual intercourse with him at any other time; that, although she frequently saw him, she never spoke to him about her pregnancy but once, and that that was about three months after the child was begotten. The accused was nineteen years of age at the time of the alleged intercourse, and the complaining witness was eight years older. She admitted that in June prior to the conception she had had sexual intercourse with another man, to whom she was then engaged to be married, but claims that he left that section of the country about July 1, 1901, and that she never had intercourse with him thereafter. In January, 1902, she wrote letters to the man to whom she was so engaged, stating her condition, and charging him with being the father of the child, and asking for pecuniary assistance. She claims that she remained at her father's home until a short time before the child was born, and that none of her family knew of her condition, and that she had never talked with any person about her condition, and that no one had talked with her about her condition, prior to the birth of the child. In that she was contradicted by a number of persons, who testified that they

talked with her about her condition and that she admitted her pregnancy; some saying that such conversation was in January, 1902, and others saying that it was in March or April, 1902, and that in those conversations she mentioned other men as the author of her trouble..

Certainly there is much to cast discredit upon portions of the testimony of the complaining witness, especially in view of the flat denial by the accused of ever having had sexual intercourse with her. But, after all, the guilt or innocence of the accused was a question of fact for the jury. In submitting that question the jury were told, in effect, that the paternity of the child was the main and material fact to be found by them, and that that fact must be found by them beyond a reasonable doubt; that it was not merely a question whether the accused had illicit intercourse with the complaining witness, "but whether, by such intercourse, if had, the child in question was begotten; and this fact must be found by you beyond a reasonable doubt." Such charge seems to have been sufficiently favorable to the accused. *Baker v. State,* 47 Wis. 111, 2 N. W. 110; *Van Tassel v. State,* 59 Wis. 351, 18 N. W. 328. The court, moreover, charged the jury to the effect that the accused came into court and entered upon the trial with the presumption that he was innocent, and that such presumption of innocence attended him throughout the trial of the case, and should prevail, unless overcome by evidence sufficiently strong and convincing to satisfy them beyond a reasonable doubt of his guilt. The credibility of the several witnesses, including the complaining witness, was, of course, as to each witness, a question of fact for the jury. *Roberts v. State,* 84 Wis. 361, 54 N. W. 580. The court charged the jury that the facts in the case were alone for them to determine from the evidence under the instructions given; and that they were the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. The correctness of such charge is not questioned. The trial court

was asked to set aside the verdict and grant a new trial on the ground that the verdict was perverse and not sustained by credible evidence. That court heard all the testimony and saw all the witnesses, and was possessed of a broad discretion in the matter of setting aside verdicts and granting a new trial upon such ground. *Farley v. C., M. & St. P. R. Co.* 89 Wis. 206–208, 61 N. W. 769, and cases there cited; *McCann v. Ullman,* 109 Wis. 578, 85 N. W. 493. In the exercise of such discretion, the trial court refused the application. We find no facts or circumstances in the case which make the story of the complaining witness so improbable or incredible as to justify this court in holding that there was an abuse of such discretion in refusing the new trial. *Hardy v. Milwaukee S. R. Co.* 89 Wis. 183, 61 N. W. 771; *Adams v. C. & N. W. R. Co.* 89 Wis. 645, 62 N. W. 525; *Flaherty v. Harrison,* 98 Wis. 559, 74 N. W. 360; *Bading v. Milwaukee E. R. & L. Co.* 105 Wis. 480, 81 N. W. 861; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57.

2. Error is assigned because the court charged the jury that:

"The material question to be determined in this action is not what is the character of the complaining witness, Jennie Kapfer, but the question for you to determine from the evidence, under the instructions of the court, is, Is the defendant the father of her bastard child as charged? If you shall find from the evidence in the case, under the instructions given you, that the defendant is the father of her bastard child, it is immaterial, *on that question,* what the character of the complaining witness, Jennie Kapfer, was or is."

It is admitted that "the law was there correctly stated by the court," but it is claimed that without further instruction it left the jury to infer that "the character of the complaining witness" for truth and veracity was immaterial. But such an inference would be contrary to other portions of the charge already referred to. It would also be inconsistent with the next sentence in the charge, wherein the court pointed out the

difference between the unchastity of the complaining witness with another man or other men, and the question whether the accused was the father of the child.

3. Error is assigned because the court charged the jury that: "You may properly believe a witness who has testified upon several matters as to some of them, though you may believe the testimony false upon others. You have not a right to reject all of a witness's testimony *merely* because you conclude that he testified falsely as to some material matters. If a witness wilfully testifies falsely as to any material matters in the trial of a cause, you may properly—but you are not bound to—reject all his evidence which is not corroborated by some. other credible evidence." The last sentence of this quotation seems to be substantially the same as sanctioned in a recent opinion of this court, and its correctness is not questioned. *Patnode v. Westenhaver,* 114 Wis. 460, 487, 90 N. W. 467. The criticism is as to the portion of the charge to the effect that the jury had no right to reject all of the testimony of a witness *"merely* because" they concluded that some material portion thereof was false. But we perceive no substantial difference between that statement and the statement contained in the quotation from the adjudication cited in support of the contention to the effect that, if the jury "find that a witness has testified falsely as to a material fact, they are, of course, at liberty to disregard such testimony," but that, before they would be justified in rejecting all of his testimony, they should "find that the witness knowingly or intentionally or corruptly swore falsely as to a material fact." *Little v. S. R. T. R. Co.* 88 Wis. 407, 408, 60 N. W. 705. See, also, *Cahn v. Ladd,* 94 Wis. 134, 68 N. W. 652. We cannot say that the portion of the charge quoted was erroneous.

4. It will be observed that the portion of the charge quoted is general and applied to any witness, which, of course, included the complaining witness. Nevertheless, error is as-

signed because the court refused to specifically instruct the jury to the effect that, if they found that the complaining witness had been successfully impeached or had "wilfully sworn falsely as to any matter or thing material to the issue," then in that case they were "at liberty to disregard her entire testimony, except in so far as it" had "been corroborated by other credible evidence or by facts and circumstances proved on the trial." The refusal to so specifically instruct as to the complaining witness is justified by recent rulings of this court. *Strasser v. Goldberg,* 120 Wis. 621, 98 N. W. 554–556; *Kavanaugh v. Wausau,* 120 Wis. 611, 98 N. W. 550, 553, 554. The accused was a deeply interested party. *McClellan v. State,* 66 Wis. 335, 28 N. W. 347; *Roberts v. State,* 84 Wis. 361, 54 N. W. 580. His testimony and the testimony of the complaining witness, as to the most important fact in the case, were in direct conflict. One or the other must have sworn falsely. The only attempt to impeach the complaining witness was by proving that she had made admissions out of court, material to the issue, in direct conflict with her testimony as to the same facts in court. She could only be "successfully impeached" as to such facts by a finding of the jury to the effect that she had wilfully sworn falsely as to such facts. The result is that the language quoted from the general charge covered and included all that was contained in the specific instruction so requested. The refusal to give that instruction was not reversible error.

5. Error is assigned because the court refused to instruct the jury that:

"It is the law that when the evidence in a bastardy case causes the jury to find or believe that the complaining witness had sexual intercourse with any person other than the defendant at, near, or about the time she claims she became pregnant, it is impossible for the complaining witness to know which act produced pregnancy and which person is the father of her child; and in such case the jury should return a verdict of not guilty, notwithstanding the testimony of the com-

plaining witness as to who is the father of the child; and if you find from the evidence in this case, or the evidence causes you to believe, that the complaining witness had sexual intercourse with some person other than the defendant at, near, or about the time she claims she had intercourse with the defendant, then you must find the defendant not guilty."

We are constrained to hold that the substance of the instruction so requested was covered by the general charge. The jury were told in such general charge, in effect, that if they found from the evidence that the complaining witness had sexual intercourse with a person other than the accused at or about the time she charges that she had intercourse with the accused, and further found that such sexual intercourse with such other man was within so short a time as to make it impossible for her to testify which act of sexual intercourse procured her pregnancy and which person was the father of the child, then they should find the accused not guilty. Such charge was almost a literal copy of another instruction requested by the accused. We cannot believe that the jury were misled by the charge given.

What has been said covers all the points relied upon by counsel.

*By the Court.*—The judgment of the circuit court is affirmed.