KIRKLAND, Plaintiff in error, vs. THE STATE, Defendant
in error.

*February 2—February 19, 1907.*

*Appeal and error: Review: Denial of new trial.*

The decision of the trial court denying a new trial will not be·
disturbed on appeal unless it clearly appears that the verdict
is not supported by the evidence.

ERROR to review a judgment of the circuit court for Dunn·
county: E. W. HELMS, Circuit Judge. *Affirmed.*

This is a proceeding against the plaintiff in error upon the
complaint of Olga Lien, charging that plaintiff in error is the
father of her bastard child, born April 12, 1902. Plaintiff
in error pleaded not guilty. The case was twice tried before
a jury in circuit court for Dunn county. The court set aside
the verdict of the jury at the first trial, which found that
plaintiff in error was the father of the child as charged by the
prosecutrix. At the March, 1906, term of the court the case
was again tried, and the jury found the plaintiff in error to·

be the father of the child. A motion for a new trial was denied and judgment was rendered adjudging plaintiff in error to be the father of the child, charging him with its maintenance and support, and awarding prosecutrix the sum of $250. He was also charged with the costs of the proceeding, and, in default of compliance with the judgment, was to be imprisoned until he should be lawfully discharged. Plaintiff in error brings this writ for a review of the proceedings.

For the plaintiff in error there was a brief by *J. R. Mathews* and *Bundy & Varnum,* and oral argument by *R. E. Bundy.*

*W. S. Swenson,* for the defendant in error.

SIEBECKER, J. Upon the question of the paternity of the child two questions of fact were submitted to the jury for their determination under the evidence in the case, namely: (1) Whether plaintiff in error had sexual intercourse with the prosecutrix as charged; and, (2) if so, whether she had intercourse with another person at about the same time, thereby rendering the fact of the child's paternity so uncertain that the jury could not say that it was established beyond a reasonable doubt. *Baker v. State,* 47 Wis. 111, 2 N. W. 110. As to the first issue, it is not seriously contended but that, under the conflicting evidence, it was properly submitted for determination to the jury. It was declared in *Roberts v. State,* 84 Wis. 361, 54 N. W. 580, respecting this question in a case of this nature:

"Where the two parties testify directly against each other as to a single fact, and there is no corroboration of either one, the jury must weigh the testimony and determine which was entitled to the greater credit."

In this case, however, the testimony of the complaining witness is not without circumstances of corroboration, in that there is evidence of other witnesses showing that the plaintiff in error and the complaining witness were observed together

at times and under circumstances such as she states, and the admissions of the plaintiff in error tend to support her claims in this respect.

The main contention of the plaintiff in error is that the finding of the jury, that the complaining witness did not have intercourse with any other person than plaintiff in error at about the time they found the child was begotten, is not supported by the evidence. It is urged that the evidence of the prosecutrix as to this fact is so overwhelmingly impeached that the court should have directed the jury that this fact was established beyond reasonable controversy. True, her denial of such intercourse with another at about this time is contradicted by the evidence of witnesses who testify positively to an act of intercourse of another person with her at the time specified. Her denial of this fact is, however, corroborated by the evidence of such other person. An examination of the whole evidence, which need not be stated in detail, discloses that she was also corroborated in various respects as to other facts material to this inquiry, wherein plaintiff in error claimed that her evidence was impeached and rendered incredible. We are of the opinion that the court properly submitted these questions to the jury, and that they, as the sole judges of the credibility of these witnesses and the weight of their evidence, were justified in finding the verdict they rendered. The trial court's decision denying a new trial should not be disturbed unless it clearly appears that the verdict was not supported by the evidence in the case. We find no ground for disturbing the judgment of the circuit court.

*By the Court.*—Judgment affirmed.