WINDAHL, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 12—March 9, 1926.*

*Bastards: Nature of bastardy proceedings: Evidence of reputation of accused: Instructions as to reasonable doubt: As to alibi.*

1. Evidence of defendant's good reputation for chastity and morality is admissible in a bastardy proceeding, though he had not been impeached, the procedure therein being similar to that in criminal cases.  pp. 425–427.
2. Bastardy proceedings can be brought to the supreme court for review by writ of error only, and not by appeal, and the accused must be proved guilty beyond a reasonable doubt. pp. 426, 427.
3. An instruction that the presumption of innocence attends the defendant until overcome by proof beyond reasonable doubt is prejudicial error, since the use of the word "until" permitted an inference that such presumption would be defeated if the prosecution, when presenting its case, produced such evidence that defendant's guilt at that stage of the trial seemed proved beyond a reasonable doubt.  p. 427.
4. Where defendant offered evidence showing that he was with his family on the nights which the complaining witness testified were the dates of the first intercourse and of conception, it was error to refuse an instruction as to the consideration to be given the evidence in the nature of an *alibi.* pp. 427, 428.

ERROR to review a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge.  *Reversed.*

March 31, 1924, one Bertha Brewer was delivered of a bastard child, and on October 4th she made complaint charging the plaintiff in error with being the father.  He pleaded not guilty, and upon trial in January, 1925, was found guilty.  The complaining witness testified to first driving out on Saturday, June 1, 1922, she then a girl of about seventeen, with the defendant below, about thirty-six years old, a married man living with his wife and two children.  She testifies to meeting him thereafter every Saturday night

with but two or three exceptions until November, 1923, when defendant went to California.

Defendant denied the charge and offered considerable evidence as to his being with his family and not with the complaining witness on two of these Saturday nights, the dates of which were positively testified to by the complaining witness as of the first intercourse and as of the time of the conception, respectively.

From the judgment below the defendant sued out this writ of error.

*W. T. Doar* of New Richmond, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *W. R. Kirk,* district attorney of St. Croix county, and oral argument by *Mr. Kirk* and *Mr. Messerschmidt.*

ESCHWEILER, J.   As there must be a new trial we deem it unnecessary to comment on the evidence.

During the trial the plaintiff in error, hereinafter designated as defendant, offered to prove by a number of witnesses, all residents of Hudson, where he had lived for some thirteen years, that his reputation for chastity and morality was good in that community.   This was objected to and the objection sustained.   Defendant assigns this ruling as error.

The general rule in other jurisdictions, as stated in 7 Corp. Jur. 992, is to the effect that in bastardy proceedings the defendant may not, as he may in ordinary criminal proceedings, introduce evidence of his general good character or reputation unless he has been first impeached as a witness. In jurisdictions so holding, however, bastardy proceedings are considered, either by express statutory language or by judicial rulings, to be civil rather than criminal proceedings, and for that reason such exclusion of that class of evidence has been sustained.

We have no statute expressly declaring them to be in either classification.   Such proceedings have been held to

possess the characteristics of both, and it was suggested that the rules and practice applicable to criminal actions are applicable in bastardy proceedings so far as they are similar to criminal actions, and the same rule as to the features similar to civil actions in *Goyke v. State,* 136 Wis. 557, 559, 117 N: W. 1027, 1126. Again, it is said that it is a statutory proceeding to enforce a civil obligation or duty, but as to procedure is criminal in form. *State ex rel. Volkman v. Waltermath,* 162 Wis. 602, 156 N. W. 946.

The statutes and decisions in this state as to bastardy proceedings demonstrate that although they be hybrid in nature they have not been sterile or unfruitful in raising many perplexing questions. Though brought to enforce a civil obligation or duty as specified in the cases above cited, yet a person charged is brought into court by warrant and arrest and not by summons (sec. 166.01); the accused is entitled to the removal of the place of trial of any such action just as in a criminal examination before a justice of the peace (sec. 166.02); the rule for taxation and payment of costs therein shall be the same as in criminal proceedings except that the accused may not have his witnesses paid or counsel appointed for him (sec. 166.07). Though by express statute (sec. 166.07) the district attorney is charged with the duty of appearing in and prosecuting such cases, yet that does not exclude the right of private counsel to act for or assist in such prosecution. *Smith v. State,* 146 Wis. 111, 113, 130 N. W. 894. In case of failure to give proper security and default in payment of the judgment he shall be committed to jail (sec. 166.10); yet when so committed he is not entitled to jail liberties. *Hodgson v. Nickell,* 69 Wis. 308, 311, 34 N. W. 118.

These proceedings, however, savor strongly of criminal proceedings in two important features. They can be brought here for review by writ of error only and not by appeal, *State v. Mushied,* 12 Wis. 561 (although they cannot be certified here upon exceptions as can criminal cases, *State*

*v. Jager,* 19 Wis. 235). A verdict of guilty can only be properly reached when the presumption of innocence recognized as surrounding such accused has been overcome by evidence convincing the jury beyond reasonable doubt. *Zweifel v. State,* 27 Wis. 396, 400; *Baker v. State,* 47 Wis. 111, 112, 2 N. W. 110; *Van Tassel v. State,* 59 Wis. 351, 18 N. W. 328; *Suckow v. State,* 122 Wis. 156, 159, 99 N. W. 440; *Sonnenberg v. State,* 124 Wis. 124, 129, 102 N. W. 233.

The rulings on this latter point have been consistently maintained notwithstanding the recognized rule is to. the contrary in most other jurisdictions. See note in L. R. A. 1918 C, p. 891.

In view of the situation we deem it best to adopt the rule that such evidence may be offered and should be received. Such evidence was offered and received apparently without objection and mentioned without expression of approval or disapproval by this court in the case of *Riley v. State,* 187 Wis. 156, 157, 203 N. W. 767. It was held proper in *Overseer v. Eason,* 92 N. J. L. 199, 104 Atl. 291.

Under the record in this case we deem its exclusion on the trial prejudicial and reversible error.

The court's charge to the jury on the subject of the presumption of innocence said: ". . . It attends the defendant throughout the whole trial and prevails until overcome by proof of guilt beyond all reasonable doubt." This language, by the use of the word "until," permits an inference by the jury that if the prosecution, when presenting its side, has produced such evidence that defendant's guilt seems at such stage of the trial proven beyond a reasonable doubt, that then this presumption of innocence is out of the case. This precise language in a charge was held to be error in *Riley v. State,* 187 Wis. 156, 160, 203 N. W. 767, *supra.* Under the record in this case we deem this also prejudicial and reversible error.

Defendant requested, and the court refused to give, an instruction regarding the consideration to be given by the

jury to the evidence offered by defendant in the nature of an *alibi.* Some such instruction should have been given. *Roen v. State,* 182 Wis. 515, 519, 196 N. W. 825; *State ex rel. Dewey v. Kibbe,* 186 Wis. 210, 213, 202 N. W. 333.

Other points presented on this review we do not deem it necessary to discuss.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.